RUSH v. WARREN.

1. The right of parties as heirs at law to assert their title to real estate
   descended, and as distributees to have an accounting of the adminis-
   tration of the personal estate, is distinct and presents separate causes
   of action.   Being united in one complaint, the Circuit Judge, after
   sustaining a plea to'the jurisdiction as to the land involved (it being
   situate in another county), did not err in retaining the complaint upon
   the cause of action against the administrator.
2. Where, in action for account, defendant pleaded in bar a former ac-
   counting, and all the issues of law and fact were referred to the master,
   this plea in bar was a matter to be determined by the master.

Before WITHERSPOON, J., Kershaw, February, 1885.

The appeal was from the following Circuit decree:

The cause was heard upon the report of the master and plain-
tiffs' exceptions thereto.   Upon notice before the hearing, the
defendant could have required plaintiffs upon motion to state
severally and distinctly the cause of action as well as to make the
pleadings more definite and certain.   This was not done, the
defendant preferring to rely upon a plea (I understand, an oral
demurrer) to the jurisdiction of the court.   I do not understand
that any objection was interposed to the improper joinder of
action.   The question of jurisdiction was properly sustained by
the master, but he erred in dismissing the entire complaint, as it
does not appear that the court had no jurisdiction to require the
defendant, as executrix, to account.

It may be that defendant's plea of *res adjudicata* will defeat plaintiffs' right to require the defendant, as executrix, to account, but this point has not been heard or determined by the master, and the cause must be recommitted to the master, under the order of reference, to require the defendant, as executrix of John Warren, to account, if she be liable to account.

It is therefore ordered and adjudged, that so much of the master's report herein be confirmed as sustains defendant's demurrer to the jurisdiction of the court to set aside the conveyance of land situated in Fairfield County, but that so much of said report as dismisses plaintiffs' complaint be overruled, and that plaintiffs' second exception on this ground be sustained.

It is further ordered and adjudged, that the above entitled cause be recommitted to the master for Kershaw County, to hear and determine, under the order of reference in this case, plaintiffs' right to require the defendant, Sarah E. Warren, as executrix of John Warren, to account to plaintiff for the administration of the personal estate of James Levi Moore, deceased.

Defendant appealed upon the following exceptions:

I. Because his honor erred in overruling the report of the master in dismissing the complaint.

II. Because his honor should have held that when the plea to the jurisdiction was sustained, there was no further jurisdiction to amend the complaint.

III. Because his honor erred in not holding that in that the complaint, as a whole, related to the land and deed in controversy, it could not be amended so as to permit an accounting by the executrix in Kershaw County, without making a new cause of action.

IV. Because his honor erred in not holding that the prayer for accounting was based upon the actings and doings of defendant's testator in connection with said land in Fairfield, and, as such, the case could not be tried in Kershaw County.

V. Because his honor erred in requiring the defendant to account before the master for the actings and doings of her testator as administrator of the estate of Levi Moore, before the court had determined upon the defence set up in the answer, that such accounting had been had in the life-time of said testator under

the order of the Court of Common Pleas for Fairfield County, and all matters and issues relating to said estate between plaintiffs and said testator fully adjudicated by said court.

*Mr. A. S. Douglass*, for appellant.

*Mr. R. A. Lynch*, contra.

February 7, 1887.    The opinion of the court was delivered by

MR. JUSTICE McIVER.    The plaintiffs, as heirs at law and distributees of Levi Moore, deceased, bring this action in the County of Kershaw against the defendant as executrix of John Warren, deceased, and in her individual capacity for an account of the administration of the personal estate of Levi Moore, and for the purpose of setting aside a sale of a certain tract of land, bought by Sarah E. Warren in her individual capacity, under an alleged execution against said Levi Moore.    It appears that sometime in 1862 Levi Moore, being seized and possessed of a small personal estate and the tract of land above mentioned, situate in Fairfield County, departed this life intestate, leaving the plaintiffs as his heirs at law and distributees, and that soon thereafter the above named John Warren administered upon his personal estate.    It seems that Levi Moore bought the above mentioned tract of land on a credit, and that said John Warren and one H. H. Clarke were his sureties on the obligation given to secure the payment of the purchase, and that to indemnify said sureties Moore confessed a judgment to them in the amount of the penalty of the obligation for the purchase money.    The allegation on the part of the plaintiffs is that Moore, during his life-time, deposited with Warren a sufficient amount of cotton to pay the debt for which Warren was surety, but that Warren misapplied the same, and has had the land sold under said judgment, and the same has been bought and titles made to the defendant, Sarah E. Warren.    John Warren died in 1883, leaving a will, of which the said Sarah E. Warren is the duly qualified executrix.

. The defendant in her answer denies many of the allegations of the complaint, especially those charging a misapplication of the assets of Moore's estate by her testator, alleges that, under pro-

ceedings instituted by her testator in the County of Fairfield against the heirs of Moore to revive the execution issued to enforce the above mentioned judgment, he accounted fully for his administration of the estate of Moore, obtained an order for the renewal of said execution under which the said tract of land was regularly sold by the sheriff and bought by defendant, and she pleads such accounting in bar of any further accounting. She also interposed a plea to the jurisdiction, on the ground, as we understand it, that the court in Fairfield, where the land in question is situate, alone has jurisdiction.

The issues of law and fact were referred to the master, who sustained the plea to the jurisdiction, and dismissed the complaint, refusing plaintiffs' motion to amend by striking out so much of the complaint as referred to the setting aside the sale of the land as irrelevant and surplusage. Upon exceptions to this report, the Circuit Judge held that the master was right in sustaining the plea to the jurisdiction so far as the setting aside the sale of the land was concerned, but that as it did not appear that the court had no jurisdiction to require the defendant, as executrix of John Warren, to account for his administration of the estate of Levi Moore, the master erred in dismissing the complaint. He, therefore, recommitted the cause to the master to hear and determine plaintiffs' right to require an account, and, if so, to take such account, leaving open the question as to the plea in bar of a former accounting.

From this judgment defendants appeal upon the several grounds set out in the record. The first four grounds are based upon the theory that but one cause of action was stated in the complaint, and, therefore, when the plea to the jurisdiction was sustained, there was nothing remaining for the court to try, and hence the complaint should have been dismissed. We agree, however, with the Circuit Judge, that there were really two causes of action stated in the complaint, and because the court had no jurisdiction of one, that was no reason why it could not proceed to take jurisdiction of the other. There can be no doubt that at the death of Moore the title to the tract of land in question immediately descended to and vested in his heirs at law, subject, of course, to the lien of any encumbrance then resting upon it, and that the

legal title to his personal property vested in his administrator, subject to a liability on his part to account to the distributees for his administration thereof. So that, although heirs at law and distributees are, under our statute of distributions, the same individuals, yet their rights to the real and personal property of the ancestor are of a different character. In the one case it is a strict legal right, vesting immediately in the heir upon the death of the ancestor, while in the other it is a mere right to require of the administrator, in whom the legal title has been vested for the purposes of administration, an account of such administration.

From this, it would seem to be clear that the invasion or breach of these two rights of such a different character, although vested in the same individuals, would present different and distinct causes of action. The plaintiffs, as distributees of Levi Moore, undoubtedly have a right to require of his administrator, or, he being dead, of the defendant as his executrix, an account of his administration of the personal estate of his intestate, unless such an accounting has, as is claimed, already been had, and if this right is refused or denied, a plain cause of action is presented. So, also, the plaintiffs, as heirs at law of Levi Moore, to whom the legal title of all his real estate has descended, unquestionably have a right to protect their title from any attempted illegal invasion or denial; and this right is wholly distinct and different from the right which these same individuals may have in their capacity as distributees to call the administrator to account for his administration of the personal property of their ancestor, and any violation of it must necessarily present a different and distinct cause of action. While, therefore, it may be that the Court of Common Pleas for Kershaw County had no jurisdiction of the cause of action growing out of the claim of plaintiffs to the tract of land situate in Fairfield County, we see no reason why that court could not exercise jurisdiction over the other cause of action growing out of the alleged refusal of the representative of the administrator to account for his administration of the personal estate of the intestate, Levi Moore.

The fifth ground of appeal is based upon a misapprehension of the Circuit decree. We do not understand that the defendant, as executrix, was required to account for the administration of

Moore's estate by her testator before the plea in bar of a former accounting is determined. As we understand it, all the issues of law and fact raised in the case were originally referred to the master, one of which was that presented by the plea of a former accounting, but as the master dismissed the complaint upon the plea to the jurisdiction, he, of course, did not go on to determine the issue presented by the plea in bar, or any other issue. The Circuit Judge having held, as we think, correctly, that the master erred in dismissing the whole complaint on the question of jurisdiction, simply recommitted the case to the master to hear and determine the issues as to the accounting, including the issue presented by the plea in bar. This is manifest from the language used in the decree: "It may be that defendant's plea of *res adjudicata* will defeat plaintiffs' right to require the defendant, as executrix, to account, but this point has not been heard or determined by the master, and the cause must be recommitted to the master, under the order of reference, to require the defendant, as executrix of John Warren, to account, if she be liable to account."

The judgment of this court is, that the judgment of the Circuit Court be affirmed.