ROSS v. JONES.

PLEADING—CAUSES OF ACTION—ANSWER—DEMURRER—MOTION—CASE CRITICISED.—Where a plaintiff states separately, in one complaint, three separate and distinct causes of action, and the defendant answers without raising the objection either by answer or demurrer, he cannot afterwards by motion require the plaintiff to elect, and notify him, which cause shall be first tried, or that the causes shall be separately tried. *Thomas* v. *R. R.*, 38 S. C., 485, *criticised.*

Before WITHERSPOON, J., Yorkville, March, 1896. Reversed.

Action by J. B. Ross against Jones, Blanton & Co. The complaint stated separately three causes of action. After answer, defendants moved to have plaintiff to elect which cause he would try first. Motion granted. Plaintiff appeals.

*Messrs. W. B. DeLoach* and *Wm. B. McCaw*, for appellant, cite: 9 S. C., 277; 37 S. C., 42, 55; 30 S. C., 11; 38 S. C., 487; Code, 188.

*Messrs. T. F. McDow, C. E. Spencer*, and *N. W. Hardin*, contra, furnished no argument.

July 16, 1896. The opinion of the Court was delivered by MR. JUSTICE POPE. This action was commenced on the 28th day of February, 1895. The complaint sets out three causes of action, separately stated. The defendants made answer to the complaint. Defendants did not demur, nor did they object in their answer that several causes of action had been improperly united in a single complaint. A trial of the issues made by the pleadings at the November term, 1895, resulted in a mistrial. After a mistrial was had, to wit: 19th February, 1896, a notice from the defendants was served upon the plaintiff, to wit: "that the plaintiff is required to elect one of the three causes of action set up in the complaint for a separate trial, and to notify the defendants which will be tried first, and the order of trial of the

other two, which, also, must be tried separately. If he fails
to do so in the meantime, the defendants will, on Monday,
the 2d day of March, 1896, at 1 o'clock in the afternoon, or
as soon thereafter as counsel can be heard, apply to his
Honor, the presiding Judge, at his chambers at Lancaster
Court House, for an order requiring such election and no-
tice; and, further, that if for any reason the same shall be
denied, the same shall be renewed on the first day of the
term ensuing; and, again, if then denied, at the call of this
case for trial." On the 14th day of March, 1896, his Honor,
Judge Witherspoon, granted ths following order: "Upon .
hearing the motion of the defendants, &c., it is ordered,
that the plaintiff do, within five days from the date of this
order, make the election as required by said notice, and
notify the defendants accordingly. This order is without
prejudice to any right the plaintiff may have to call up for
separate trial either of the two remaining causes of action,
the same as if this order had not been made, provided no-
tice of his election be served at least two weeks before the
trial of the first of said two remaining causes that the plain-
tiff may name." Thereafter an appeal was taken from the
order of Judge Witherspoon, on five grounds, namely:
"*First.* Because the defendants having neither demurred
to the complaint on the ground that several causes of action
have been improperly united, as is required by subdivision
5 of section 165 of the Code of Procedure of South Caro-
lina, nor having raised such objection by their answer
served and filed, as required by section 169 of the Code of
Procedure, thereby waived all objection to the complaint,
and his Honor erred in requiring the plaintiff to elect one
of the three causes of action stated in the complaint for
separate trial within five days after the 14th March, 1896,
the date of his order, and to notify the defendants accord-
ingly. *Second.* For that his Honor erred in requiring the
plaintiff to elect at all one of the three causes of action
stated in the complaint for separate trial. *Third.* For that
his Honor erred in requiring the plaintiff to elect, in ad-

vance of the convening of the Court at which the cause was docketed for trial, which one of the three causes of action stated in the complaint would be first tried. *Fourth.* For that his Honor erred in requiring the plaintiff to give two weeks notice to the defendants before the trial of the first of the two remaining causes of action that the plaintiff might name, after being required to elect, as the condition upon which plaintiff might call for separate trial either of said remaining causes of action stated in the complaint. *Fifth.* For that his Honor erred in not dismissing the motion of defendants, and in not adjudging that the cause must proceed and be heard upon the pleadings as settled by the failure of the defendants to either demur or object by answer that three causes of action had been improperly united in a single complaint."

It will be seen that the five grounds of appeal are intended to bring out the view supposed to prevent the order made by Judge Witherspoon. The appellant emphasizes the view, that the defendants having failed to demur to his complaint on the ground that the complaint contained several causes of action, which were improperly united therein, as required by subdivision 5 of section 165 of our Code of Procedure, and having failed to set up any such objection in their answer, as required by section 169 of said Code, thereby waived all objection to the complaint. This view seems sound, if we will remember that questions of jurisdiction and also the oral demurrer, that the complaint fails to state facts sufficient to contain a cause of action, are reversed. The appellant then brings to view that, under section 188 of the Code of Procedure, he is allowed to unite as many causes of action, both legal and equitable, in his complaint, as he chooses, provided always that he complies with the conditions specified in said cited section. He then insists that these things being so, there is no law that sustains the Judge's action. The appellant, in his argument, sets out a history of the decisions of our courts of last resort, beginning with *Latimer* v. *Sullivan,* 30 S. C., 111; *Read* v. *R. R. Co.,*

37 S. C., 42; *Ruff* v. *R. R. Co.*, 42 S. C., 119; *Thomas* v. *R. R. Co.*, 38 S. C., 435—to show that as far as our Court has ever gone, is to require, if motion is made for such purpose, in those cases when a plaintiff has inserted two causes of action which should have been stated separately but have not been so stated, the plaintiff either to amend his pleadings by stating each cause of action separately, or to elect which of said causes of action he will go to trial upon. He claims that in the case of *Thomas* v. *R. R. Co.*, *supra*, alone is there any expression that can give color to any other view, and that when that last case is examined closely, it will be found that at the best for respondent such expression was an *obiter dictum*, and, therefore, was not a controlling authority. We have examined these cases, and agree that the appellant has taken a proper view of what they decide. The Justice who wrote the opinion of the Court in *Thomas* v. *R. R. Co.*, *supra*, now writes this opinion, and, therefore, feels at perfect liberty to refer to that decision with the utmost frankness. There was no such question as that presented in the case at bar in *Thomas* v. *R. R. Co.*, *supra*, for there two causes of action were not separately stated, but, in fact, were embodied in the same statement. No motion was made either to have plaintiff state them separately or to elect which one he would try. Hence it is apparent nothing that was said in that opinion could legitimately determine the present question. We think, therefore, the Circuit Judge was in error here. So, too, we regard the points raised in the 2d, 3d, 4th, and 5th grounds of appeal well taken. This results necessarily from the views we have expressed in considering the first grounds of appeal.

It is the judgment of this Court, that the order of the Circuit Court be reversed in every particular.