7382

ERSKINE v. MARKHAM.

AMENDING PLEADINGS.—A complaint to reform a deed, to sell the property conveyed and divide the proceeds amongst defendants may be amended by inserting another cause of action, the settlement of the estate of grantor, and bringing in other parties not interested in the reformation of the deed.

MR. JUSTICE HYDRICK *dissents.*

Before DeVORE, J., Oconee, February, 1909. Affirmed.

Action by Mary Ann Erskine against George Edgar Markham *et al.* From order permitting complaint amended, defendants appeal.

*Mr. J. R. Earle,* for appellant, cites: 80 S. C., 219; 81 S. C., 579; 82 S. C., 1; 53 S. C., 315.

*Mr. R. T. Jaynes,* contra.

November 23, 1909. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This action was commenced originally for the purpose of having reformed a deed of land executed by William W. Erskine, deceased, on January 30, 1906, to Mary Ann Erskine, his wife, and Sarah E. Erskine, his daughter, and to his eight grandchildren, the children of Ella Markham, his deceased daughter, for a sale of the land, and division of the proceeds among the parties in interest according to the real intention of the grantor.

Sarah E. Erskine and the eight children of Ella Markham were made defendants, and answered, claiming that the deed properly expressed the intention of the grantor, and asked for a sale of the land and a division of the proceeds among plaintiff and defendants as tenants in common.

The cause was referred to the master to hear and determine all issues of law and fact.

After the taking of considerable testimony, and while the cause was still under reference, a motion was made before the master to amend the complaint by adding new parties and the insertion of additional allegations in the complaint as set forth in the record.

The master, after reciting what the testimony previously taken by him tended to show, held that it would be in furtherance of justice to allow the proposed amendments in order to determine the rights of the widow and children and grandchildren of W. W. Erskine, deceased, to the proceeds of the sale of the said land, and in order to equalize the shares of the heirs at law of the intestate. On appeal from the order of the master, on exceptions alleging that allowance of the proposed amendments was not within the discretion of the master, as they entirely changed the original cause of action, and substituted a new cause of action, the Circuit Court, Judge DeVore, affirmed the master's order, to which appellants renew their exceptions.

As we cannot say the amendments were not in furtherance of justice, we must affirm the judgment of the Circuit Court.

Since the case of *Taylor* v. *Railroad Co.*, 81 S. C., 574, 62 S. E., 1113, it must be regarded as settled that even a new cause of action may be inserted by way of amendment, if it be done in furtherance of justice.

The fourth exception questions the right of Judge DeVore to pass upon the merits of the case, as the same were not under consideration.

We do not understand that Judge DeVore has undertaken to pass upon the merits. He distinctly holds that the ref-

erence has not yet closed and that he does not undertake to pass upon the facts. We construe his language referring to the testimony, and reported by the master, as tending to show certain matters as only indicating that it appears that the amendment was in furtherance of justice.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE HYDRICK, *dissenting.* I think it was error to allow the amendment in this case, because it makes the complaint demurrable for misjoinder of causes of action.

Section 188 of the Code specifies the several classes of actions which may be united in the same complaint. It says: "The plaintiff may unite, in the same complaint, several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of—

1. "The same transaction, or transactions connected with the same subject of action; or,

2. "Contract, express or implied." (The remaining subdivisions of this section are so clearly foreign to the question under consideration that it is not deemed necessary to set them out.)

"But the causes of action, so united, must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action, and not require different places of trial, and must be separately stated."

It is plain that two causes of action are stated in the amended complaint, namely, 1. For the reformation of the deed; and, 2. For the settlement of the estate of W. W. Erskine.

It cannot be said that these two causes of action arise out of the same transaction, or transactions connected with the same subject of action. The first cause of action arose out of an alleged mistake in the deed from W. W. Erskine to the plaintiff, and the defendants named in the original

complaint; and if the settlement of the estate of Erskine can, in any proper sense, be said to be a transaction, it is certainly not the same transaction as that which gave rise to the first cause of action.

Next, do these causes of action arise out of transactions connected with the same subject of action? The words, "same subject of action" necessarily imply a single subject of action, with which the several transactions, out of which the several causes of action arose, must have been connected in some way. Can it be said that there is in the complaint, as amended, only one subject of action? What connection can be perceived between the transaction out of which arose the cause of action for the reformation of the deed with the transaction or series of transactions out of which arose the cause of action for the settlement of the estate? They appear to be entirely separate and distinct, neither having any connection whatever with the other. Mr. Pomeroy says, in his work on Remedies and Remedial Rights, at section 475 : "As the causes of action arise out of certain transactions, and as these transactions are connected with a 'subject of action,' it is plain that this subject must be in existence simultaneously with the transactions themselves, and prior to the time when the causes of action commence." The first cause of action arose in the life time of Erskine. The second arose after his death. Then, do the causes of action arise out of contract, express or implied? It is clear that the first cause of action under subdivision 2 of the Code, *supra.*
ing the deed. It cannot, therefore, be said to have arisen out of contract, and, therefore, cannot be joined with the second cause of action under subdivision 2 of the Code, *supra.*

It seems clear, therefore, that these causes of action do not belong to either one of the classes mentioned, which is made necessary, by the express provision of the Code, above quoted, before they can be united in the same complaint. There is another reason why they cannot be united in the same complaint. They do not affect all the parties to the

action. True, the plaintiff and all the defendants in the original complaint are interested in the cause of action for the settlement of the estate; but, with the exception of the defendants named in the original complaint, what interest have any of the other defendants in the cause of action for the reformation of the deed? It can make no difference to them whether the deed is reformed or not. In neither event do they get anything under it. Moreover, the interest of the original plaintiff and defendants in the property covered by the deed is as purchasers under the deed, while their interest in the estate is as distributees under the statute. The original cause of action does not affect the new parties brought in or any of them; and, therefore, the requirement of the Code that the cause of action, so united, "must affect all the parties to the action," is wanting.

These views are fully supported by the following authorities: *Suber* v. *Allen,* 13 S. C., 317; *Shanks* v. *Mills,* 22 S. C., 358; *Rush* v. *Warren,* 26 S. C., 72, 1 S. E., 363; *Murray* v. *Stevens,* Rich. Eq. Cases; 205: Pom. Rem., sec. 479 *et seq.*

This view is not in conflict with the recent case of *Taylor* v. *A. C. L. Ry. Co.,* 81 S. C., 574, 62 S. E., 1113. In that case, the new cause of action set up by the amendment arose out of the same transaction as the original cause of action alleged.