## 11700

### WALKER v. McDONALD

#### (126 S. E., 646)

PLEADING—OVERRULING DEMURRER FOR MISJOINDER OF CAUSES OF ACTION NOT APPEALED FROM IS LAW OF CASE PRECLUDING MOTION TO REQUIRE ELECTION.—Order overruling demurrer to complaint for misjoinder of causes of action, from which defendant did not appeal, *held* law of case as to whether complaint contained two causes of action that could not be joined and tried together, on defendant's subsequent motion for leave to amend answer by adding paragraph seeking to require plaintiff to make an election.

Before WHALEY, J., County Court, Richland, January, 1924. Reversed and remanded. Action by T. J. Walker against W. C. McDonald. From an order allowing defendant to amend answer, plaintiff appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: *Res adjudicata:* 51 S. C., 33; 73 S. C., 9; 47 S. C., 211. *Improper joinder of causes of action:* 32 S. C., 42; 9 S. C., 277.

*Messrs. Melton & Belser,* for respondent, cite: *Misjoinder of causes of action:* 26 S. C., 72; 110 S. C., 534; Pom. Code Pro., Sec. 394. *Court relying upon* 48 S. C., 65; 29 S. C., 407 *overruled demurrer. Demurrer based upon* Sec. 401, 430, Code, 1922. *Motions to amend pleadings addressed to discretion of the Court:* 9 S. C., 334; 70 S. C., 550; 103 S. C., 214; 10 S. C., 98; 26 S. C., 415; 39 S. C., 223; 51 S. C., 213; 47 S. C., 190; 70 S. C., 89; 74 S. C., 296. *In the absence of abuse of discretion, action by the Court in allowing amendments will not be disturbed:* 18

S. C., 305; 26 S. C., 415; 31 S. C., 388; 32 S. C., 57; 80 S. C., 1. *Res judicata:* 118 S. C., 470. *Question of election not necessarily involved in the question of joinder or misjoinder of causes:* 125 S. E., 417, and cases cited by respondent in that case. *Preliminary order in the sound discretion of the Court:* 122 S. C., 670. *Election of remedies:* 7 Enc. Pl. & Pr. 361-2; 20 C. J. 5, 6; 3 Ell. on Cont. Sec., 2097. *Defrauded party must elect to rescind or affirm contract:* 6 R. C. L., 932-3; 14 A. & E. Enc. L. 159-160, 186; 226 N. Y., 61; 133 N. Y., 425; 180 Pac., 747; 114 Pac., 137; 68 S. C., 510; 107 S. C., 465; 122 S. C., 336; 113 S. C., 440; 92 S. C., 1; 122 S. E., 578.

February 28, 1925.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The respondent's statement of the history of this case is as follows:

"This is an appeal from an order of the Hon. M. S. Whaley, Judge of the Richland County Court, dated March 12, 1924, allowing the defendant to amend his answer by adding a paragraph which seeks to require the plaintiff to make an election.

"The amended complaint, dated November 28, 1923, contained two causes of action; one in tort for alleged deceit in being induced to enter into a contract of partnership, and the other demanding an accounting for the alleged profits of the partnership. The proposed amendment, dated March 10, 1924, alleged that the two causes of action were inconsistent and mutually exclusive, and demanded that the plaintiff be required to elect upon which of the two causes of action he would proceed to trial. It is from the order of March 12, 1924, allowing this proposed amendment to the answer, that this appeal is taken.

"While the appeal is formally from the order of the Court allowing this amendment, it is to be noted that none

of the exceptions directly challenges the one thing which is properly at issue in an appeal from an order allowing an amendment, namely, the discretion of the Court, but all are based upon technical grounds seeking to show that by reason of previous orders or rulings in the case, the Court was prevented from allowing the amendment.

## "HISTORY OF CASE

"For a proper understanding of this appeal, therefore, it is necessary briefly to review the history of the case, from which the unsoundness of the exceptions will at once appear:

### "MOTION TO MAKE COMPLAINT MORE DEFINITE AND

### CERTAIN

"(1) The original complaint dated November 6, 1923, contained two causes of action jumbled together; one being apparently in tort based upon deceit, and the other being apparently in equity for an accounting between partners. The defendant therefore made a motion to require the plaintiff to make the complaint more definite and certain by separately stating the alleged causes of action.

"At the hearing of this motion the. attorneys for the plaintiff stated in open Court that his cause of action was neither for an accounting nor for deceit, but for breach of a contract of partnership. The Court thereupon made an order dated November 24, 1923, holding that the plaintiff must be considered to have made his election on the theory of his action, and the complaint to be amended accordingly, and that the allegations as to deceit were irrelevant, and allowed the defendant 10 days within which to make a motion to strike out.

"On the same day, November 24, 1923, the defendant made a motion to require the plaintiff to strike out the allegations of the complaint relative to deceit.

### "DEMURRER FOR MISJOINDER OF CAUSES

"(2) The plaintiff, however, refused to abide by the election made in open Court, above referred to, and before

hearing the motion to strike out served an amended complaint on November 28, 1923, setting up formally the two causes of action mentioned in defendant's motion to make more definite and certain, namely, cause of action for alleged deceit in entering into the contract of partnership, and a cause of action for an accounting for the alleged profits of the partnership.

"The defendant thereupon on December 17, 1923, demurred to the complaint upon the ground of misjoinder of causes of action. At the hearing of this demurrer on January 4, 1924, it was urged on behalf of the defendant that the causes of action set forth; the one being in tort for deceit, and the other being in equity for an accounting between partners, and being ultimately based upon contract, were not such as could be united in the same complaint under Section 430 of the Code of Civil Procedure, particularly in view of the requirement that 'the causes of action so united must all belong to one of the seven classes specified.

"We were then, and still are, of the opinion on the authority of *Rush v. Warren,* 26 S. C., 72; 1 S. E., 363. *Cline v. Southern Railway Company,* 110 S. C., 534; 96 S. E., 532. Pomeroy, Code Procedure, § 394, that the two causes of action were not properly joinable. The Court, however, relying upon the cases of *Pollock v. Building Association,* 48 S. C., 65; 25 S. E., 977; 59 Am. St. Rep., 695. *Magruder v. Clayton,* 29 S. C., 407; 7 S. E., 844, and other cases cited by the plaintiff, overruled the demurrer by order dated January 4, 1924.

"At the hearing of this demurrer no question of the inconsistency of the two causes of action was presented for the consideration of the Court, nor was any effort made to require the plaintiff to exercise an election between such causes of action, but the demurrer was based solely upon the principles of Section 430 of the Code above referred to under the authority of Section 401 of the Code authorizing a demurrer for the misjoinder of causes.

"MOTION TO REQUIRE ELECTION

"(3) The defendant thereafter on January 14, 1924, served on the plaintiff on the same day and at the same time (1) a notice reserving the right to appeal from the order overruling the demurrer; (2) its answer; and (3) a motion to require the plaintiff to elect upon which of the two alleged causes of action set forth in the complaint he would proceed to trial.

"The motion to require the plaintiff to elect came on for hearing before Judge Whaley a few days before March 7, 1924. At this hearing it was urged on behalf of the defendant that the two causes of action set forth in the complaint were inconsistent and mutually exclusive, in that the one was for a recovery of the plaintiff's contribution to the partnership agreement and amounted, in substance, to a disaffirmance of the contract of partnership, while the other was for an accounting of the alleged profits of the partnership and amounted to a waiver of the alleged fraud and an affirmance of the alleged contract; and that an election to pursue the one cause of action amounted to a bar to the bringing of the other. The plaintiff's attorneys argued that the motion to elect came too late, and relied principally upon the case of *Ross v. Jones,* 47 S. C., 211; 25 S. E., 59.

"The Court, while evidently sympathizing with the position of the defendant in this case, felt compelled in view of the fact that the defendant had not raised this question by answer, on authority of the case of *Ross v. Jones,* above cited, to overrule the motion to require the election. This the Court did, however, expressly on the ground that the motion came too late, and without passing on the 'merits of the question of election.'

"MOTION TO AMEND

"(4) The defendant thereupon, in view of the Court's ruling, served upon the plaintiff's attorneys a notice dated March 10, 1924, of the proposed amendment to the com-

plaint, setting up substantially that the plaintiff should be required to make the election on which of the two causes of action he would proceed to trial.

"This motion came on for hearing by the Court at which it was contended by the plaintiff's attorneys that the matter had already been concluded, by the order of the Court of January 4th overruling the demurrer, and also by the order of March 7th refusing the motion to require an election. The Court, however, expressly overruled both these positions, and in the exercise of its discretion allowed the proposed amendment by its order dated March 12th. From this order the appellant has appealed."

It will be observed that the defendant, claiming that the plaintiff had joined in his complaint two causes of action, which could not be joined in one action, demurred to the complaint. This demurrer was overruled. It was thereby adjudged that two causes of action that could not be combined had not been set up in the complaint. The defendant answered, reserving its right to appeal. The record does not show that this right of appeal has been exercised. That order overruling the demurrer until reversed according to law is the law of this case. It is *res adjudicata.* Now comes the defendant and asks to be allowed to amend its answer in order that the plaintiff shall be required to elect between two inconsistent causes of action. The right to amend pleadings is broad, but it certainly does not extend to reopen questions already decided. An order that requires the plaintiff to elect is based upon the ground that the two causes of action are inconsistent, and the plaintiff must choose between the two. We have seen that it has been adjudged that there are not two causes of action that cannot be joined in one complaint and tried together.

The order is reversed.

Messrs. Justices Watts and Marion concur.

Mr. Acting Associate Justice W. C. Cothran concurs, filing concurring opinion.

MR. CHIEF JUSTICE GARY and MR. ASSOCIATE JUSTICE COTHRAN did not participate.

MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN (concurring) : By his amended complaint the plaintiff sets forth two causes of action. It appears that the plaintiff sought to recover in his first cause of action the sum of $652.50 which he had paid for his half interest in the partnership, alleging fraud and deceit on the part of the defendant. In the second cause of action he alleges a breach of the partnership agreement by the defendant and his right to recover by an accounting of one-half of the partnership profits. It is very evident that if he is entitled to one-half of the profits of the partnership that right is based upon the fact that he was a partner. The fact that he had paid $652.50 to become a partner gave him the right to share equally in the partnership earnings. The recovery by him of the amount he had paid to become a partner because of the fraud and deceit of the defendant would, *ipso facto,* withdraw him from the partnership and from participation in its assets. See *Singleton v. Cuttino,* 107 S. C., 465; 92 S. E., 1046. *McMahan v. McMahon,* 122 S. C., 336; 115 S. E., 293; 26 A. L. R., 1295. *Cline v. Southern Railway Co.,* 113 S. C., 440; 102 S. E., 641. It would thus appear that the two causes of action are totally inconsistent.

To this amended complaint the defendant interposed a demurrer upon the ground that:

"The two causes of action therein set forth cannot be joined in the one complaint in accordance with the Code of Civil Procedure, and that there is a misjoinder of causes of action."

Just what provisions of the Code are relied upon to sustain this demurrer are not set forth in the notice; hence we may say that all provisions applicable to demurrers were available.

The trial Judge overruled the demurrer and, although the defendant served notice reserving his right to appeal, no

appeal from the order was ever perfected. On the same day that notice reserving the right to appeal was served, the defendant served notice of a motion, requiring the plaintiff to elect upon which cause of action he would proceed to trial, and also his answer. The counterclaim set up in the answer was duly replied to by the plaintiff.

Thereafter the motion to elect was heard by the trial Judge, and the motion was refused upon the sole ground that "it comes too late."

The next step was a motion by the defendant to amend his answer by alleging that the two alleged causes of action are inconsistent, and that the plaintiff should be required to elect. This motion was granted by the trial Judge, in which he said that the defendant should not be deprived of his substantial right to require the plaintiff to elect. The plaintiff has appealed from this order.

Although the County Court for Richland County is in session all the time, it should not be inferred that the Judge of that Court has the right to change his orders or decrees at any time as a Circuit Judge may do in term time. Endless confusion would certainly result from such a holding. The safer rule would be to make the orders and rulings of the County Judge final when decided, except as to cases being tried when his power over his orders and rulings should end with the verdict of the jury. Motions for new trials would, of course, be governed by the well-recognized rules of law and practice.

The results of the rulings of the County Judge are that the complaint is not objectionable on demurrer to any provision of the Code, and that the motion to require an election was refused. From neither of these orders was an appeal taken, and they must be considered as binding upon the subsequent proceedings. This Court is not admitting the correctness of either order, and is not to be considered as saying that they are right or wrong. We do, however, say that

they constitute the law of this particular case upon the points involved.

The motion to amend was an effort to have the County Judge reverse his ruling in so far as the motion to elect is concerned at least. It appears that this effort was successful, for the order granting the motion says that the defendant should not be deprived of this substantial right. Of course, it is a substantial right, but the defendant had already been deprived of it by an order of the Court from which there was no appeal.

In addition to the foregoing, allegations of inconsistent causes of action and the right to require elections have no place in answers. Such allegations could very well be stricken on motion as stating conclusions of law and not such facts as should constitute pleading to the complaint.

Mr. Justice Marion concurs.