WALLACE v. CARTER.

1. A married woman having borrowed money on her note and mortgage under her representation that the money was wanted for the purpose of paying off a previous mortgage on her land, the consideration of which was not known to the lender, she is estopped from afterwards denying that this loan was made in reference to her separate estate.

2. Is a decree, which declares plaintiff entitled to a foreclosure of his mortgage and a sale of the premises, and to judgment therefor, so soon as the master ascertains and reports the amount due under a reference therein ordered, an intermediate decree which may be reviewed on appeal from the final judgment?

Before KERSHAW and HUDSON, JJ., Union, October, 1888, and March, 1889.

Action by E. R. Wallace, as administrator c. t. a. of Mary Wallace, against Margaret S. Carter. The opinion states the case.

*Messrs. I. G. McKissick* and *Nicholls & Moore*, for appellant.

*Mr. J. C. Wallace*, contra.

March 20, 1890. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. It seems that the defendant, a married woman, had previously mortgaged a tract of land (320 acres), her separate property, to Roberson & Grimball, who were pressing for their money and about to foreclose their mortgage. She was greatly distressed, and for the purpose of raising money to pay off the mortgage, she went to her friend, Maj. Rice, who did not himself have the money to accommodate her. But she was so urgent, that he undertook to find a person who would loan her money if the security was made "satisfactory." She declared that it could be made "all right as to the papers." The business was referred to a lawyer of high standing, David Johnson, Esq., who looked into the matter and drew the bond and mortgage to Mrs. Wallace for $552, which was executed by the defendant, and he paid the money himself to Roberson & Grimball, taking from them to Mrs. Wallace an assignment of their mortgage as additional security.

Mrs. Wallace, who furnished the money, and to whom the bond and mortgage were made payable, afterwards died, and Edwin R. Wallace became her administrator with the will annexed, and instituted this suit to foreclose the mortgage. The defendant admitted the execution of the bond and mortgage, but denied her liability thereon, upon the ground, that at the time she executed them she was a married woman, and had not the power to bind herself or her separate estate by such contract.

The cause was first heard at the fall term of the court (1888) by Judge Kershaw, who decreed a foreclosure of the mortgage, saying, among other things: "I find the facts to be, that the

money, which was the consideration of the bond and mortgage, was borrowed to take up a previous mortgage on the separate property of the defendant, to Roberson & Grimball, merchants, for supplies furnished by them to enable Carter (the husband) to carry on a farm on his wife's land in the years 1883 and 1884, the credit being given to the defendant alone, and expressly refused to her husband, which said mortgage was then threatened to be pressed for payment; that among the supplies furnished were articles for the support and clothing of the family, who resided on the farm, and the children assisted in the work of the same; that the defendant's husband owns no property, and had no means of support for himself and family but the proceeds of said farm; that the money borrowed on the mortgage sought to be foreclosed was paid to Roberson & Grimball for the mortgage held by them as aforesaid, and the same was assigned to plaintiff's intestate as collateral security for the money so borrowed, in order to secure against intermediate encumbrance; that the consideration of the bond and mortgage to Roberson & Grimball was unknown to plaintiff's intestate, when she advanced the money to take up the same.

"I conclude, as matter of law, that the bond and mortgage of the defendant, described in the complaint, are valid and binding upon the separate estate of the defendant, having been made in reference thereto," &c. Thereupon he referred to the master to ascertain and report the amount due, and that, upon the coming in and confirmation of the report, the plaintiff have judgment for the same, and for a foreclosure of the mortgage and sale of the premises. He also gave permission that the report might be considered at chambers and the necessary orders taken. From this decree the defendant attempted to appeal, but it was dismissed upon the ground that notice had not been given in time.

At the next term of the court (March, 1889), the report of the master, which Judge Kershaw had ordered as to the amount due, came up before Judge Hudson, who, after reciting the decree of Judge Kershaw, ordered as follows: "On reading the report of the master (dated, &c.), from which it appears that there is due to plaintiff by defendant on said bond and mortgage the sum of $807.84, and on reading motion for confirmation, judgment, and

foreclosure, ordered, that the master's report be confirmed; and it is adjudged, that the plaintiff recover of the defendant the amount," &c., with usual order of foreclosure, sale, &c.

The court adjourned on March 16, and the defendant gave notice of appeal "from the rulings of Judges Hudson and Kershaw, and from their decrees. both interlocutory and final, and the judgment herein," upon grounds stated (fifteen in number), which are printed in the "Brief," and need not be stated here. The plaintiff also gave notice, that if the court, on appeal, cannot sustain the decree of Judge Kershaw on the grounds therein stated, he would ask the court to sustain it on the following grounds: "1. That defendant was estopped by her conduct and acts to deny that the mortgaged debt was for the benefit of, and related to, her separate estate. 2. Will ask the Supreme Court to dismiss the attempted appeal and sustain the decree upon the ground that said decree was a final judgment as to all the issues passed upon therein, and no appeal having been taken within the time allowed by law, it cannot be reviewed on appeal from a subsequent order of sale."

We do not consider that there is any appeal before this court from Judge Hudson's order, which only did, after the amount of the mortgage debt was ascertained, that which Judge Kershaw would have added to his decree, if at that time the calculation on the bond had been made. No question is made as to the correctness of the master's report confirmed by Judge Hudson. No error is charged to him in the order of confirmation, and, therefore, while the appeal is nominally from his order, it is in reality an effort through that order to renew the appeal from Judge Kershaw's decree. We must consider that there was no appeal from that decree—for the appeal dismissed leaves it as if there had been no appeal. It is settled upon principle, as well as by authority, that a Circuit decree not appealed from is as much *res judicata* as if it had been affirmed by the Supreme Court. It was held in the case of *Carroll* v. *Tompkins*, 14 S. C., 225: "As to all matters considered and adjudged upon their merits, there is no appeal from one Circuit Judge to another; nor in such cases can one Circuit Judge reconsider, reverse, or change an order made by another Circuit Judge. The only way in which alleged error in

such cases can be corrected is by appeal to the Supreme Court,"
&c.

It is true that a litigant is not required to appeal from every
order or decree made during the progress of the litigation, but he
may except at the time, and have such interlocutory orders affect-
ing the merits reviewed upon appeal from the final judgment.
Such, we think, is the approved practice. But, from the very
terms of the provision, it only applies when the appeal is from
"a final judgment," the intermediate order sought to be reviewed
being merely interlocutory and not "final." "A decree in equity
is either final or interlocutory; in which latter case, the 'further
consideration is reserved.'" As in the case cited of *Hyatt* v.
*McBurney* (17 S. C., 146), where the first decree (Judge Press-
ley's) was considered to be not a final judgment—the determina-
tion of all the rights of the parties—but interlocutory in character,
and that of Judge Kershaw was the final judgment, it was held
that upon appeal from the latter the former might be reviewed.
This case, however, is very different from that. Here the decree
of Judge Kershaw conclusively determined every issue involving
the rights of the parties; and, only for the reason that it was not
convenient for him to do it himself, he ordered the reference to
ascertain the amount of the debt, which, like a reference to the
clerk under the old practice, was a mere "*quod computet*"—an
interlocutory order in a matter of account.

The order of Judge Hudson was, in point of time, the last made,
but that does not fix its character as "final." It would certainly
be reversing the nature of things, to regard the order of Judge
Hudson as the final judgment, and the well considered decree of
Judge Kershaw as merely an interlocutory order made during the
progress of the litigation. In the case of *Dial* v. *Gary & Tap-
pan* (27 S. C., 171), it was held "that a decree final on the issues
having been rendered in a cause, the succeeding judge has no
power to adjudicate any of the issues. He can only pass the
administrative orders necessary to carry out such decree." In
the case of *Walker* v. *Walker* (17 S. C., 329), it was held that
"In an action for foreclosure, the order for sale and payment of
proceeds is administrative, and may be made after decree ren-
dered." In delivering the judgment of the Supreme Court, Judge

Fraser said : "A judgment of foreclosure is usually attended with an order of sale and for the payment of the proceeds, but these are merely administrative orders, and can be made at any time thereafter."

The order of this court is, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE MCIVER. I concur in the result, but prefer to rest my conclusion upon the ground, that defendant, having borrowed the money from the intestate under a representation that it was wanted for the purpose of paying off a previous mortgage on her land, the consideration of which was not known to the lender, is estopped from denying that the contract now in question was made in reference to her separate estate.

MR. CHIEF JUSTICE SIMPSON. I cannot concur in so much of this opinion as bases the conclusion upon the ground, that the decree of Judge Kershaw could not be reviewed by this court. I think that decree was an intermediate decree, and subject to review upon appeal from the final order of Judge Hudson, which order allowed judgment of foreclosure. Section 11, subdivision 1, (Code) is distinct and express authority for such review, I think. I, however, concur in the result under authority of the recent cases decided by this court, holding that married women may borrow money and secure its payment, provided the lender has no knowledge that it is to be used by the husband.