## MORGAN v. SMITH.

1. AN APPEAL lies from an intermediate order after filing final decree although notice of intention to appeal therefrom has been served and such appeal dismissed by the clerk of this Court.
2. CAUSE OF ACTION—WILLS.—Under the terms of the will in question, certain devisees cannot maintain an action against another for excess in value of lands devised in remainder, as stated in the will, until the amount of the expense of defendant's mother to him has been ascertained by three disinterested men.

Before KLUGH, J., Greenville, December, 1898, and GARY, J., November, 1899. Reversed.

Action by Nannie B. Morgan and Hardy Smith against Beauregard Smith, H. T. Stroud, executor of H. M. Smith, Piedmont Savings Company, and The Peoples Bank. Defendant Smith appeals from both Circuit decrees.

*Messrs. Haynsworth, Parker & Patterson,* for appellant, cite: *As to appeal from intermediate order:* 13 S. C., 254;

4—59

44 S. C., 536; Code, 11; 28 S. C., 571; 32 S. C., 317; 36 S. C., 173. *This action cannot be maintained until condition precedent has been performed:* 30 S. C., 305; 50 N. Y., 250; 38 A. R., 54.

*Messrs. Blythe & Blythe,* contra.

October 1, 1900. The opinion of the Court was delivered by

MR. JUSTICE JONES. The object of this action was to enforce payment by the defendant, Beauregard Smith, of $600, which sum was alleged to be due and a charge upon certain real estate devised to the defendant under the will of Henry M. Smith, deceased. The master found against the plaintiffs; but on exceptions to the Circuit Court, Judge Klugh, on December 10, 1898, reversed the master and decreed that two-thirds of the $600 named in the will is a charge upon the lands devised to defendant, and to be accounted for, subject to the findings of the master upon a matter recommitted to the master, viz: whether the defendant had paid out of his own funds a claim of $125 against the estate of the testator with a view to give him credit for such payment and interest against the said $600. Under this order the master took testimony and reported that the amount due defendant for payments in behalf of the testator's estate amounted, with interest, to $264.56. On exceptions to this report, the Circuit Court, Judge Ernest Gary, overruled the same, and decreed for a sale of the premises and the payment by the defendant of the sum of $400, as a charge thereon. Within two days after the rising of the Court at which the decree of Judge Klugh was rendered, defendant's counsel gave notice of intention to appeal therefrom; but concluding that such decree was not final, and was reviewable after a final decree in the case, they did not proceed further, and so notified counsel for plaintiffs. Thereafter plaintiffs' counsel procured an order from the clerk of this Court dismissing such appeal for failure to file return.

Within due time after the filing of the decree by Judge Gary, defendant's counsel gave notice of appeal, exceptions to this decree and to the decree by Judge Klugh.

A preliminary question is whether the order of Judge Klugh can be reviewed on appeal from the decree of Judge Gary. We think so. The decree or order of Judge Klugh was not final, as it left for adjustment a matter essential to the determination of the extent of the liability of the defendant. Such order was intermediate. The decree of Judge Gary was the final decree fixing the amount for which the defendant was liable. On appeal from such final decree it is competent for this Court to review the intermediate decree of Judge Klugh, as such decree necessarily affected the final decree rendered. Sec. II. of the Code of Civil Procedure. *Hyatt* v. *McBurney*, 17 S. C., 143; *McCrady* v. *Jones*, 36 S. C., 174. No appeal was taken from the order of Judge Klugh. It is true, that notice of intention to appeal was given, and the appeal was dismissed by the clerk, but such dismissal could at most only have effect to prevent an appeal direct from the intermediate order, but could not affect the right of this Court, under section II. of the Code, to review such intermediate order on appeal from final judgment.

The next question we consider is the true construction of the will of Henry M. Smith, upon which the liability of the defendant depends. By the fourth item of said will the testator devises the homestead tract to his wife, Martha M. Smith, during her life or widowhood, then to his son, Beauregard, the defendant. In item five, after giving Beauregard certain personal property in addition to the said real estate, are these words, "and should his mother not be a great expense to him before her death, I desire him to pay to my executors the sum of $600, to be appropriated as hereinafter provided, said expense to be determined by three disinterested men, at which time he shall have full claim and title to the above named homestead." Upon this clause rests the plaintiffs' claim to the $600. As

we construe this clause, the liability of the defendant to pay the $600 is not absolute, but is conditioned upon the determination by three disinterested men that his mother was not a great expense to him before her death. Such determination by the three disinterested men is a condition precedent to any liability by defendant. This has not been done. There is nothing to show that the defendant has in any way prevented such determination, and the method prescribed by the testator is not impossible. Under this view it is manifest that the action must fail. This conclusion renders it unnecessary to consider the other questions raised in the exceptions. The conclusion we have reached renders it proper to dismiss the complaint. It is true, the Piedmont Savings and Investment Company and People's Bank of Greenville are parties defendant, and hold certain mortgages executed by Beauregard Smith on said land, but they do not appear to have asked any foreclosure of their mortgages, and have made common cause with the defendant.

The decrees of the Circuit Court herein are reversed, and the complaint is dismissed, without prejudice, of course, to any right of action that may exist upon compliance with the terms of the will of Henry M. Smith, deceased.