HAZEN *v.* BAY CITY TRACTION & ELECTRIC CO.

1. CARRIERS—PASSENGERS—SETTING DOWN—DUTY OF CARRIER.
   It is the duty of a carrier by rail to stop its car for a sufficient length of time to enable a passenger, in the exercise of reasonable diligence, to alight from the car and get beyond danger from its movement.

2. PLEADING—DECLARATION—INCONSISTENT COUNTS—ELECTION—PERSONAL INJURIES—ACTION AGAINST CARRIER.
   A declaration against a carrier for personal injuries alleging in the first count that defendant started its car while plaintiff was in the act of alighting, and in the second that defendant started its car before plaintiff had had an opportunity to move away from the car after stepping from it, does not present an election, since the substantial difference in the counts is that the same negligence affected the plaintiff at an earlier point of time in the one case than in the other.

3. TRIAL—INSTRUCTIONS—INTEREST OF WITNESSES—PROPRIETY.
   A requested instruction on the necessity of considering the

interest of witnesses in determining the weight of the testimony, which assumes that plaintiff's daughter, who, so far as the record shows, has no financial interest in the case, is an interested party, is properly refused.

Error to Bay; Collins, J. Submitted February 20, 1908. (Docket No. 126.) Decided May 1, 1908.

Case by Eva Hazen against the Bay City Traction & Electric Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*T. A. E. & J. C. Weadock*, for appellant.

*De Vere Hall*, for appellee.

BLAIR, J. Plaintiff brought this action to recover for injuries alleged to have been received at Wenona Beach, a summer resort on Saginaw Bay, while a passenger on one of defendant's cars, through the negligence of defendant's employés in starting the car while she was alighting therefrom or just after she had alighted.

The first count of the declaration alleged that:

" It then and there became and was the duty of said defendant to furnish and provide for and have in control of such cars capable, skillful, careful and competent men to act in the capacity of motormen and conductors, so that persons entering, riding upon or alighting from its said cars might not have their person, life or health injured or jeopardized by the acts of unskillful employés and agents.

"And plaintiff avers that said defendant carelessly, negligently and wrongfully disregarded its duty in that behalf, and the duty that it then and there owed the plaintiff, in that it did furnish, provide and have in control of the said car incapable, unskillful, careless and incompetent employés and agents, and while said plaintiff, at the invitation of defendant, was in the act of alighting from said car at the regularly designated and established stopping place and station therefor at said resort, and at the terminus of said line to and upon such platform, as aforesaid, being in the exercise of reasonable prudence and due care, and not guilty of any negligence on her part, said

defendant and its said employés and agents carelessly, negligently and wrongfully did start and move its said car without giving the plaintiff sufficient time to alight therefrom, and while her foot was still resting and being upon such step or ledge attached to said car, and she was in the act of alighting therefrom, and the fact that she desired to alight from said car at such terminus was then and there known to said defendant and to its conductor and motorman in charge and in control of said car, or should have been so known, and thereupon carelessly, negligently and wrongfully did hurl and throw said plaintiff to such platform with great force and violence.''

The second count alleges that it was the duty of defendant—

''At such resort or terminus of said line, and at such platform, to stop said cars for a reasonable and sufficient length of time to allow plaintiff and the passengers so carried by it and desiring to do so, to alight therefrom upon such platform without hurt or injury to them. * * * That while plaintiff was in the act of alighting or stepping from its said car, at such resort, and upon such platform, and while in the exercise of due care and caution, and without negligence on her part, defendant, well knowing or having reason to know that plaintiff was in the act of alighting from said car, carelessly, negligently and wrongfully caused the same to be moved and started in a quick and violent manner and thereupon did throw and thrust said plaintiff down and on to the platform or ground at said terminus.''

The third count alleges:

''And plaintiff avers that defendant then and there and on the said eleventh day of August, 1905, further carelessly, negligently and wrongfully failed to discharge the duty that it then and there owed to plaintiff, in that regard, in that it then and there failed to advise and warn plaintiff of her liability to be hit and struck by the rear end of said car so moving and swinging, and as plaintiff was lawfully in and upon said platform after alighting from such car thereat, and in the exercise of due prudence and care and without any negligence on her part, then and there without notice or warning to her carelessly, negligently and wrongfully did propel the rear end of said car against her and she was thereupon thrown

down with such violence that her left arm at or near the shoulder was broken;" etc.

The testimony on behalf of the plaintiff tended to show that after stopping at the platform to enable passengers to alight and while plaintiff was either in the act of alighting, with one foot on the platform and one foot on the ground, or had just placed both feet on the ground, the conductor negligently started the car. The testimony in behalf of the defendant tended to show that the conductor assisted the plaintiff to alight, saw that she had moved to a safe distance from the car and then started the car; that after the car started, plaintiff came back towards the car for some purpose and before the car could be stopped was struck by the rear end, which, on the curve, projected out 45 inches beyond the rail.

At the close of the plaintiff's proofs, the defendant moved that plaintiff be required to elect on which count she would go to the jury, which motion was overruled and exception noted. The case was submitted to the jury and plaintiff recovered. Defendant brings the case to this court for review upon writ of error, relying in their brief upon the following points:

(1) The court should have compelled an election of counts.

(2) The court erred in refusing to give defendant's 5th, 8th and 10th requests to charge.

(3) Errors in the charge as given.

1. Counsel for appellant contend that:

"The second and third counts are absolutely inconsistent. Plaintiff to sustain the first cause of action alleged in her declaration must necessarily establish the existence of the following facts, that while still on the defendant's car and in the act of alighting therefrom without any negligence on her part, the defendant's employés negligently started said car and threw her to the ground. On the other hand, to sustain the second cause of action, plaintiff would be required to show that after she had stepped from defendant's car, and while on the alighting place or platform, without negligence on her part, the de-

fendant's employés did not afford her a reasonable length of time to move away from said car, but carelessly and negligently ran said car against her and struck her to the ground, causing the injuries complained of.    It is readily seen that the facts which are necessary to sustain the first cause of action must necessarily be a perfect defense to the second cause of action.    Among the rules which have become axiomatic is one that a party must be consistent and not contradictory in the positions which he takes. Repugnancy is as objectionable in a petition as it is in an answer, and it is universally held that inconsistent defenses cannot be pleaded."

The contention of the defendant is undoubtedly well founded, if the alleged inconsistency exists.    *Capen* v. *Stevens*, 29 Mich. 496; 4 Current Law, p. 998; *Drolshagen* v. *Railroad Co.*, 186 Mo. 258.

Although the question is a close one, we incline to the opinion that the counts are not essentially inconsistent within the legal meaning of the term.    It was the duty of the defendant to stop its car for a sufficient length of time to enable the plaintiff, in the exercise of reasonable diligence, to alight from the car and get beyond danger from its movement.    *Smalley* v. *Railway Co.*, 131 Mich. 560; *Bass* v. *Railway Co.*, 142 Mich. 177.

The gist of the allegation of negligence in the counts alleged to be conflicting is that the defendant did not perform this duty.    In both counts the negligence complained of is, substantially, that defendant did not afford sufficient time for plaintiff to get beyond danger from movement of the car.    The substantial difference in the counts is that the same negligence affected the plaintiff at an earlier point of time in the one case than in the other.

2. The 5th request to charge was sufficiently covered by the charge.    The 10th request was properly refused, since it omitted the essential element of affording sufficient time for the plaintiff to get beyond danger.    The 8th request to charge was as follows:

"8. In determining which side has the weight of evi-

dence you should consider the interest of the witnesses. In this case, upon the part of the plaintiff, she has testified in her own behalf, and her daughter has also testified in her behalf. They are the only witnesses in her interest who claim to have seen the accident, and you are to take into consideration the fact that they are interested parties."

This instruction, if given by the court, would have indicated to the jury that the daughter, who, so far as the record shows, had no financial interest whatever in the result of the suit, was an interested party, the same as her mother, and that they must consider this fact in weighing her testimony. We think the request was properly refused. *Marquette, etc., R. Co.* v. *Kirkwood*, 45 Mich. 51; *Gregory* v. *Railway*, 138 Mich. 368.

We have examined the other assignments of error and are of the opinion that they are not well founded. The issue was really within a very narrow compass, the theories of the opposing parties were fairly and clearly stated to the jury with appropriate instructions as to the rules of law applicable, and the verdict of $270.90 indicates a dispassionate consideration of the case by the jury.

The judgment is affirmed.

GRANT, C. J., and MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.