8250

### HUGHES v. SOUTHERN RY.

RES JUDICATA—NONSUIT.—Where a plaintiff sues for damages for the breach of a contract of release from damages for injury and submits to a nonsuit on the ground that there was no breach of the contract, he cannot afterwards allege the invalidity of the release and sue on the original injury as the validity of the release was adjudicated in the order of nonsuit.

Before SPAIN, J., Richland, February, 1912. Affirmed.

Action by B. D. Hughes against Southern Railway Company and R. B. Watts. The complaint, answer and exhibits are:

"The plaintiff above named, complaining of the defendants above named, alleges:

1—92

1. "That upon information and belief the defendant, Southern Railway Company, is now and was at the times hereinafter mentioned, a corporation duly chartered and organized under and by virtue of the laws of the State of Virginia, and at the times hereinafter mentioned, owned and operated, and now own and operates, a certain line of railroad, together with tracks, trains, engines and other appurtenances thereto belonging, railroad yards, roundhouses, machine shops, situated in the city of Columbia, in the said county and State of South Carolina; and that the defendant, R. B. Watts, was at the times hereinafter mentioned, and is now a resident and citizen of the State of South Carolina, county of Richland.

2. "That on the 4th day of November, 1907, the plaintiff, B. D. Hughes, was in the employ of the said defendant, Southern Railway Company, as assistant foreman of the roundhouse in the said yard of the defendant, situated, as aforesaid, in the city of Columbia; and that on the said date above mentioned, while in the discharge of his duty as assistant foreman, an engine belonging to the said defendant, Southern Railway Company, and in charge and operated by the defendant, the said R. B. Watts, an agent, servant and employee of the said railway company, approached and ran into the said roundhouse in a careless, negligent and reckless manner and knocked down one of the posts or pillars thereof, precipitating upon the plaintiff portions of the said roundhouse, throwing him to the ground, cutting a long gash across the top of his head, bruising his back, neck, shoulder, chest, side and head, and causing a number of bruises on different parts of his body, and seriously and permanently injuring him so that he became ill and sick, and has suffered intense pain from his injuries, and has been put to great expense for medicine and medical attention, and has been informed and believes that he will never be well again.

3. "That the said engine of the defendant, Southern Railway Company, was being run into the roundhouse for repairs by the defendant, R. B. Watts, who was at the time, the agent, servant and employee of the defendant, Southern Railway Company; that as said engine moved along the track into the roundhouse, a bar of iron or other obstruction extending outward from said engine, struck with violent force against an upright post which was standing near the said track and supported the ceiling and roof of the roundhouse; that the said upright post was defective material, the same being unsound and rotten; and the said roundhouse being old and worn and of defective material; and in maintaining a defective turntable; and the upright post being placed too close to the track leading into the roundhouse; and the construction of the said building being unsuitable, out of date, and too small to allow the large modern engines now owned and used by the defendant, Southern Railway Company, to pass in and out of the said building with safety. That by reason of the upright post being struck as aforesaid, and it being unsound and too close to the track, it was broken and knocked to the ground, and the ceiling and roof being thus left unsupported, fell with it; that the ceiling and roof, consisting of girders, beams and other materials and debris, came down and fell without warning upon the plaintiff and knocked him senseless, bruised and injured him in his head and body and inflicted upon him permanent bodily injuries, as above described. That the said injuries received by the plaintiff was caused by the joint and concurrent negligence, carelessness, recklessness and wanton conduct of the defendants, in causing said engine to be run into the roundhouse with a bar of iron or other obstruction extending outward therefrom; in causing said bar or other obstruction to strike with violent force against said post; and in not providing a post of good material; and in causing said post to be broken; and in causing the ceiling and roof, girders, beams,

and other materials and debris to be precipitated downward without warning upon the plaintiff, as aforesaid; and in not providing a safe place for plaintiff to work; and in maintaining and operating an old and worn turntable; and in maintaining and operating a defective roundhouse; and in allowing the upright post to remain too close to the track leading into the roundhouse, to take in and out the large modern engines with safety.

4. "That by reason of the said joint and concurrent careless, negligent, reckless and wanton conduct of the defendant, Southern Railway Company, and the said R. B. Watts, agent and employee, as aforesaid, in causing the said engine to be run into the roundhouse with the bar of iron or other obstruction extending outward therefrom; and in causing said bar of iron or other obstruction to strike with violent force against said post; and in not providing a post of good material; and in causing said post to be broken; in causing the ceiling and roof, girders, beams and other materials and debris to be precipitated downward, without warning, upon the plaintiff as aforesaid; and in not providing a safe place for plaintiff to work; and in allowing the upright post of the roundhouse to remain too close to the track leading into the roundhouse and in maintaining and keeping an old, defective, out-of-date roundhouse, too small to allow the large, modern engines, owned by the defendant, Southern Railway Company, to go in and out with safety; and in maintaining and operating a defective turntable.

5. "That as a result of the said joint and concurrent carelessness, negligence, recklessness and wantonness of the defendants, as aforesaid, the plaintiff has been injured in the sum of twenty thousand ($20,000.00) dollars.

"Wherefore, plaintiff demands judgment in the sum of twenty thousand ($20,000.00) dollars, and for the costs of this action."

The following is the answer of the defendant, Southern Railway Company, together with exhibits attached thereto:

"The defendant, Southern Railway Company, answering the complaint herein:

"For a first defense:

1. "Admits the allegations of paragraph one.

2. "As to the allegations of paragraphs two, three, four and five, this defendant admits that on the date named in the complaint the plaintiff, B. D. Hughes, was in the employ of this defendant as acting assistant foreman of the round-house, and that on said date, the plaintiff received some injuries by reason of one of the posts of the said round-house being knocked down by one of the defendant's engines, for which accident plaintiff was responsible. As to the extent of the injuries, this defendant alleges, upon information and belief, that they were slight and temporary. Denies each and every allegation of said paragraphs two, three, four and five not hereinabove admitted.

3. "Denies each and every allegation in said complaint contained not hereinabove specifically admitted or denied.

"For a second defense:

"Alleges that the plaintiff, at the time of entering upon said services as alleged in the complaint, and thereafter, knew of the risks ordinary or otherwise incident thereto, including the alleged risk alleged to have resulted in the injury of which he complains, and that with said knowledge he fully assumed the said risks and thereby waived any right on his part to hold this defendant liable to him therefor.

"For a third defense:

"Alleges, on information and belief, that on the occasion referred to in the complaint, plaintiff was himself guilty of carelessness, negligence and recklessness in giving signals to the engineer in charge of said engine, said engineer being at the time under the direct control and management of the plaintiff herein, and in carelessly, negligently and recklessly allowing the said engineer to proceed with the said engine

into the said roundhouse when he knew the same could not be done without injury to himself and others, and that such carelessness, negligence and recklessness on his part, contributed to a proximate cause of his injury, without which same would not have occurred.

"For a fourth defense:

1. "The defendant alleges that after the time of the alleged injury and before the commencement of this action, to wit, on the 18th day of November, 1907, in consideration of the payment of one dollar to the plaintiff by this defendant, the said plaintiff executed and delivered to this defendant, a written release in full satisfaction and discharge of all claims for damages resulting from the injury alleged in the complaint herein.

2. "This defendant further alleges that subsequent to the execution of the said release, to wit, on the 23d day of April, 1908, the plaintiff herein, B. D. Hughes, commenced in the Court of Common Pleas for Richland county an action against the said defendant, Southern Railway Company, as will appear by the record in said cause, and in said complaint alleged substantially the same facts as to the said accident as are set out in the above entitled action, and further alleged plaintiff's injury in said accident and the execution and delivery of a release to the defendant, Southern Railway Company, by plaintiff of all claim against it on account of said alleged injuries. Said complaint was duly answered, and thereafter, on the 15th day of June, 1910, the said cause proceeded regularly to trial in said Court before his Honor, J. W. DeVore, presiding Judge, and a jury, resulting in an order of nonsuit. Attached hereto, and made a part hereof, are the complaint, answer and order of nonsuit, marked, respectively, Exhibits 'A,' 'B' and 'C.' That no appeal was ever taken from said order of nonsuit. This defendant now pleads that the validity of said release has been adjudicated in the aforesaid

action and plaintiff is now estopped from maintaining this action."

Exhibit "A."

"The plaintiff above named, complaining of the defendant above named, alleges:

1. "Upon information and belief, that the defendant, Southern Railway Company, is now and was at the times hereinafter mentioned, a corporation duly chartered and organized under and by virtue of the laws of the State of Virginia, and at the times hereinafter mentioned, owned and operated, and now owns and operates, a certain line of railroad, together with tracks, trains, engines and other appurtenances thereto belonging, railroad yards, roundhouses, machine shop, situated in the city of Columbia, in the said county of Richland, in the said State of South Carolina.

2. "That on or about the 4th day of November, 1907, the plaintiff, B. D. Hughes, was in the employ of the said defendant as assistant foreman of the roundhouse in the said yard of the said defendant, situated as aforesaid, in the city of Columbia. That while in the discharge of his duties as assistant foreman, an engine belonging to the said defendant ran into the said roundhouse and knocked down one of the pillars thereof, precipitating upon the plaintiff portions of the said roundhouse, whereby seriously injuring him. That on or about the 16th day of November, 1907, the plaintiff entered into an agreement with the defendant that he would release to the defendant all claims he had against the defendant, resulting from the said injuries to him; and the said defendant, in consideration of the said release, would pay to the plaintiff the sum of one ($1.00) dollar, and restore the plaintiff, without any loss of time, to his said position as assistant foreman of the said roundhouse.

3. "That in performance of the said agreement, the plaintiff did on or about the said 18th day of November,

1907, execute and deliver unto the said defendant, a release of all claims against the said defendant on account of the said injuries, and the defendant in part performance of the said agreement, paid to the plaintiff the said sum of one dollar and soon thereafter restored the plaintiff to his said position as assistant foreman of the said roundhouse; and the plaintiff duly entered into the performance of said duties as said assistant foreman, on or about the 19th day of November, 1907.

4. "That soon after entering upon the performance of his said duties, to wit, about one week thereafter, the plaintiff was removed from said position by the defendant, without cause and with intent to violate said agreement, and said position given to another person. That plaintiff thereupon demanded that the said position be restored to him under the terms of said agreement, but the said defendant wantonly and wilfully failed and refused and still refuses to restore the same to him under the terms of the said agreement, and the plaintiff alleges that by reason of the refusal of the said defendant to carry out the terms of the said agreement, and on account of the breach thereof, as aforesaid, he has been damaged in the sum of seventeen thousand dollars.

"Wherefore, plaintiff demands judgment against the defendant in the sum of seventeen thousand ($17,000) dollars."

Exhibit "B."

"The defendant, Southern Railway Company, answering the complaint herein:

1. "Admits the allegations of paragraph one, unless the property or any part thereof referred to is included in the lease from Southern Railway—Carolina Division to Southern Railway Company, of date June 30, 1902, in which event it denies the allegations as to ownership of same.

2. "As to the allegations of paragraph two, admits that on the date mentioned, plaintiff, while in the employ of the defendant in the capacity of acting assistant foreman of the roundhouse, was injured in consequence of an engine running into said roundhouse (for which accident plaintiff was responsible). It denies that said injuries were serious; on the contrary, alleged on information and belief that they were very slight. It admits further that plaintiff thereafter executed a written release to defendant of all claims arising against it or growing out of the said accident, and that plaintiff thereupon resumed his duties as acting assistant foreman of the roundhouse, without any loss of time; in other words, no reduction was made from his salary or wages on account of two weeks' time lost in consequence of said accident. Denies each and every allegation of said paragraph two, not hereinabove specifically admitted or denied.

3. "As to allegations of paragraph three, admits that plaintiff executed a release to defendant on or about the date stated in full of all claims against defendant on account of said injuries; and that plaintiff thereafter, on the 19th day of November, 1907, resumed his duties as acting assistant foreman of the roundhouse. Denies each and every allegation of said paragraph three not herein specifically admitted.

4. "As to the allegations of paragraph four, admits that about a week after plaintiff had resumed his work as acting assistant foreman of the roundhouse, on account of his unsatisfactory work and failure to perform the duties of that position, he was given a position of machinist, having had several years' experience as machinist. Defendant alleges that plaintiff, after a week's work as machinist, quit its service. Denies each and every allegation of said paragraph four, not above specifically admitted.

5. "As to each and every allegation of said complaint not hereinabove specifically admitted or denied, defendant denies the same.

"For a second defense:

"The defendant alleges that although the alleged agreement upon which this action was brought by its terms was not to be performed within the space of one year from the making thereof, neither said agreement nor any note or memorandum thereof was ever in writing and subscribed by the said Southern Railway Company, which it ought to be charged therewith, or some person thereto by its lawful authority."

Exhibit "C."

"This case came on for trial June 15, 1910.

"After the plaintiff had been sworn and commenced his testimony he sought by his attorneys to prove a parol agreement about the same subject matter made prior to the execution of the written agreement referred to in the complaint. The written agreement (release) was exhibited to the plaintiff by defendant's attorney and plaintiff admitted the execution thereof and the receipt of the consideration, viz.: one ($1.00) dollar, and said release was admitted in evidence. Defendant's attorney then objected to any testimony tending to show the alleged prior oral agreement referred to in the complaint, on the grounds taken down by the Court stenographer; first, that if there is such an oral agreement it was merged in the written release; that it was obnoxious to the statute of frauds; and third, that it was void, being indefinite as to time, terms or conditions.

"After hearing argument the objections were sustained; plaintiff's attorneys thereupon stated that they would have to submit to a nonsuit in view of such ruling, and a nonsuit is accordingly granted. J. W. DeVore, presiding Judge. Columbia, S. C., June 16, 1910."

Plaintiff appeals.

*Mr. W. Boyd Evans,* for appellant, cites: *Does the former order of nonsuit constitute an estoppel in this action?* 24 Ency. 778, 793-4; 17 S. C. 35; 19 S. C. 150; 24 S. C. 479.

*Mr. E. M. Thompson,* contra, cites: *Plaintiff elected to sue on breach of release, the judgment thereon estops him from recovering on the damages released from:* 36 S. C. 596; 15 Cyc. 259. *The release was conclusively adjudicated and is a bar to this action:* 84 S. C. 242; 43 S. C. 221; 18 S. C. 602; 140 Fed. 385.

July 10, 1912.   The opinion of the Court was delivered by

MR. JUSTICE WATTS.   This was an action in the Court of Common Pleas for Richland county to recover the sum of $20,000 damages for alleged careless, reckless and wanton conduct of defendants for alleged injuries received by the plaintiff on November 4, 1907, while in the employment of the Southern Railway Company.   The defendants answer and in their fourth defense allege "That on the 23d day of April, 1908, the plaintiff, Hughes, commenced an action in the Court of Common Pleas for Richland county against the defendant, Southern Railway Company, as will appear by the record in said cause, and in that complaint alleged substantially the same facts as to the said accident as are now set out in the pending action and allege further plaintiffs injury in said accident and the execution and delivery of a release to the Southern Railway Company by the plaintiff to all claims against it on account of said alleged injuries. Complaint was duly answered, and on June 15, 1910, the cause proceeded regularly to trial before Judge DeVore, and a jury, resulting in an order of nonsuit.   Attached to this answer and made a part thereof are the complaint, answer and order of *nonsuit,* marked Exhibits A, B, and C.   That no appeal was taken from this order of *nonsuit.*   The defendant pleads that the validity of said release has been adjudicated in the former action and plaintiff is now estopped from maintaining this action.   For a proper understanding of the issues, the complaint in this case, together with the answer and exhibits will be reported with the case.

The plaintiff interposed a demurrer to the fourth defense in the case at bar on the following grounds:

"The plaintiff above named demurs to the allegations of paragraph 2 in the above entitled action. That upon the face thereof, together with exhibits A, B, and C, annexed to the answer, and a part thereof; that upon the face thereof it does not constitute a defense to this action upon the grounds:

1. "That the complaint herein does not allege substantially the same facts as the said complaint in the former action.

2. "That this action is entirely a different cause of action than the one sued on in the former action. The cause of action sued on in this cause being one founded upon the delict wrong done by the defendant to plaintiff, where the former action was founded upon the growing out of a contract between the plaintiff and the defendant, and, therefore, that action or action in the former suit cannot be pleaded in bar of this action.

3. "That the question of validity of the said release was unadjudicated in the former action and does not constitute an estoppel herein."

The demurrer was heard and overruled by Judge Spain, and the plaintiff appealed on the following grounds:

"That his Honor erred in overruling the demurrer:

1. "Because his Honor held the allegations of the fourth defense constituted a bar to the action herein, whereas, he should have held that the complaint herein does not allege substantially the same facts as set forth in the former action.

2. "That he should have held that this action is entirely a different cause of action than the one sued on in the former action; that the action sued on in this action is one founded upon the delict and wrong done by the defendants to the plaintiff, and that the former action was founded and grew out of a breach of contract between the plaintiff and the

defendant, Southern Railway Company, and, therefore, the former action could not be pleaded a bar to this action.

3. "That he should have held that the validity of the said release was not adjudicated in the former action, and does not constitute an estoppel herein."

The question raised by the order overruling the demurrer and exceptions thereto is whether the order of *nonsuit* in the former action constitutes an estoppel in this action and rendered the matter *res adjudicata* and constitutes a bar to the present action. In the former action plaintiff elected to treat the contract of release as valid and based his right to recover upon its validity and admitted it when exhibited to him on trial. In the present action he attempts to treat the release as invalid and advoid it and bases his right to recover upon the invalidity of the release. In one action plaintiff alleges the release is valid and in the second action he alleges it is invalid. In the first action Judge DeVore construed the written contract of release as concluding the plaintiff from claiming that the terms of the contract were in any way different from those in writing and barring the right of action for the alleged breach or that the evidence showed no breach of the written contract. The plaintiff submitted to a *nonsuit,* which was ordered, and that order, was not appealed from. After that this action was commenced to recover damages which the plaintiff in the former action alleged he had released. The commencement of the first action based on the validity of the contract of the release was a decisive act and constituted an election on the part of the plaintiff to test the validity or invalidity of that release and it seems to us that the contract of release was conclusively adjudicated in that action between the parties to it to be valid and is such an adjudication of the subject matter of controversy in both actions as to bar the plaintiff's recovery of the damages released.

"A *nonsuit* is not usually a judgment upon the merits. It was originally given against the plaintiff when he introduced

insufficient evidence to support a verdict or when he refused or neglected to proceed to the trial of the cause after it had been put at issue.   It is different however where the plaintiff is *nonsuited* or a verdict is directed because the evidence introduced by the plaintiff proves affirmatively as a matter of law that he is not entitled to recover.   The difference is that in one instance the plaintiff fails to make out his case; in the other instance he proves affirmatively facts which as a matter of law show that he is not entitled to recover."   *Jenkins* v. *A. C. L. R. R. Co.,* 89 S. C. 408, and cases cited therein; *Morrow* v. *Railway Co.,* 84 S. C. 221, 66 S. E. 186.

"So a *nonsuit* based upon the construction of a deed and unappealed from is *res adjudicata* in a subsequent action involving the same matter."   *Cartin* v. *R. R. Co.,* 43 S. C. 221; *Hodges* v. *Lumber Co.,* 90 S. C. 231.

"A matter involved in a cause and finally disposed of by a Circuit decree from which no appeal is taken becomes *res judicata."*   *Symmes* v. *Symmes,* 18 S. C. 602.

The plaintiff, by his former action, asserts that the release was valid.   Defendant admitted that it was.   Plaintiff claimed damages under it, but lost his case by being *nonsuited.*   The validity of the contract of release is *res adjudicata.*

Judgment affirmed.