COPPER RIVER & N. W. RY. CO. et al. v. HENEY.

(Circuit Court of Appeals, Ninth Circuit. March 3, 1914.)

No. 2300.

1. TRIAL (§ 419*)—MOTION FOR NONSUIT—WAIVER—INTRODUCTION OF TESTIMONY.

On denial of defendant's motion for a nonsuit at the close of plaintiff's evidence, the motion is waived by defendant's subsequent introduction of testimony in its own behalf.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 982; Dec. Dig. § 419.*]

2. COMMERCE (§ 8*)—INJURIES TO SERVANT—EMPLOYERS' LIABILITY ACT—STATE LAW.

The federal Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322) supersedes state and territorial laws in the matter with which it deals.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 5; Dec. Dig. § 8.*]

3. MASTER AND SERVANT (§ 86*)—INJURIES TO SERVANT—EMPLOYERS' LIABILITY ACT—CARRIERS.

Where, in an action for injuries to a servant while retimbering a railroad tunnel, the complaint alleged that the C. company was operating the line of railroad, that defendant K. company was a subsidiary company of the railroad company, and that the latter in operating its road did so partly through the K. company as its agent, and the evidence sustained such allegations, both defendants would be regarded as common carriers as to which the federal Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322) was applicable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 137; Dec. Dig. § 86.*]

4. PLEADING (§ 369*)—TRIAL (§ 169*)—CAUSES OF ACTION—MISJOINDER—REMEDY.

Where an alleged misjoinder of causes of action is disclosed by plaintiff's evidence, defendant's remedy is by motion to compel plaintiff to elect, and not for the direction of a verdict.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1199–1209; Dec. Dig. § 369;* Trial, Cent. Dig. §§ 341, 381–387, 389; Dec. Dig. § 169.*]

5. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—NEGLIGENCE.

In an action for injuries to a servant of certain carriers, evidence *held* sufficient to entitle plaintiff to go to the jury on the question of defendants' negligence in failing to properly light and guard a dangerous opening in a platform in the tunnel.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

6. APPEAL AND ERROR (§ 272*)—INSTRUCTIONS—EXCEPTIONS—TIME.

Exceptions to instructions given and to the refusal of requests taken after the verdict has been returned are unavailable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1611–1619; Dec. Dig. § 272.*]

In Error to the District Court of the United States for the Third Division of the Territory of Alaska; Peter D. Overfield, Judge.

Action by James Heney against the Copper River & Northwestern

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Railway Company and the Katalla Company. Judgment for plaintiff, and defendants bring error. Affirmed.

The defendant in error was the plaintiff in an action to recover damages for personal injuries sustained in falling through an opening in a platform in a tunnel on the line of the Copper River & Northwestern Railway Company (hereinafter designated the Copper River Company) in Alaska. In his complaint he alleged that he was employed nominally by the Katalla Company, a corporation, but that in reality he was working for the Copper River Company, of which the Katalla Company was the agent. He alleged negligence on the part of both corporations defendant in that the tunnel in which he was working was not sufficiently lighted, and that the opening in the platform was not properly safeguarded. The defendants in the action answered separately, denying all the allegations of the complaint except the allegations that they were incorporated and doing business in Alaska. They each pleaded the affirmative defenses of contributory negligence and assumption of risk. The jury returned a verdict for $2,025 in favor of the plaintiff. Thereupon judgment was rendered.

Several months prior to the accident the tunnel had caved in. The plaintiff had been engaged for about a month in the work of retimbering it. In doing this a structure had been made two stories in height, so that about 21 feet above the railway track a platform or floor had been placed covering the entire width of the tunnel, and it had been extended some 200 feet. The plaintiff and three others were engaged in placing lagging between the timbers on the sides of the tunnel above the platform. When that work in the tunnel began, the working place was well lighted by two powerful acetylene lamps. These had been removed, and torches had been substituted. But for three or four days before the accident the only light furnished was hand lanterns, and for the four men working on the platform but three lanterns had been furnished. At times when the tunnel was filled with smoke from passing engines it was very difficult for the men to see; the lanterns showing merely a faint red glow. There was evidence that the men asked for more lights, and that their request had not been complied with. Just prior to the accident a train had gone through the tunnel, leaving smoke which rose through the platform into the space above. The plaintiff, at the instance of one of his fellow workmen, proceeded along the platform in the direction of the opening therein, carrying his lantern, intending to measure a space for lagging near the edge of the opening. The smoke was so dense as it came up from below that he could not see the platform on which he walked, although he could discern the timbers along the sides. He testified: "As I was groping along going back looking for the place where I was going to work, I walked into this hole. The smoke was coming up so thick, and I had the lantern in my hand, but I could not see the hole."

R. J. Boryer, of Cordova, Alaska, and W. H. Bogle, Carroll B. Graves, F. T. Merritt and Lawrence Bogle, all of Seattle, Wash., for plaintiffs in error.

E. E. Ritchie, of Valdez, Alaska, T. C. West and Fernand de Journel, both of San Francisco, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] We may pass by the defendants' motion for a nonsuit, made at the close of the plaintiff's evidence, the denial of which is assigned as error, for the defendants thereafter waived their motion by offering testimony in defense of the action.

[2] Error is assigned to the refusal of the court to direct a verdict in favor of the defendants. The motion was based on the grounds: That the plaintiff had failed to establish that both the defendants were engaged in the business of a common carrier; that he failed to establish that he was employed or working for the Katalla Company; that the evidence proved his contributory negligence; and that there was no evidence to make out a case against the defendants. The argument made in support of this assignment of error presents grounds in addition to those which were expressed in the motion for a directed verdict, and it is said that a joint action against the two corporations cannot be maintained; that the action must be based either on the Employers' Liability Act or on the common law, and not on both, and that if the act applies to either defendant as a common carrier, it supersedes all common law and statutory liability on its part. It is true that the act of Congress supersedes state and territorial laws "in the matter with which it deals." Francis v. McNeal, 228 U. S. 695, 33 Sup. Ct. 701, 57 L. Ed. 1029; El Paso & N. E. Ry. v. Gutierrez, 215 U. S. 87, 30 Sup. Ct. 21, 54 L. Ed. 106. But if the Katalla Company is not a common carrier, as contended by the defendants, it is not within the act; and common-law remedies against it remain unimpaired.

[3] While neither the complaint nor the answers alleged that either of the corporations was a common carrier, the complaint alleged that the Copper River Company was operating a line of railroad, and that the Katalla Company was a subsidiary company of the Copper River Company, and that the latter in operating its road did so partly through the Katalla Company as its agent. The testimony established these allegations. It was proven that the Copper River Company was at the time of the accident a common carrier. It was also shown that the Katalla Company transacted the business of the road, issued in its own name bills of lading for goods carried thereon and tickets for passengers bearing the heading, "Katalla Company Constructing and Operating the Northwestern Railway Company." The resident engineer of the road, who had charge of the work in the tunnel, and who was called as a witness by the plaintiff, testified that he was unable to state which of the two corporations was engaged in conducting the business of a common carrier, but that he got his pay by the checks of the Katalla Company. There was evidence that the Copper River Company was paying the license fee required by law as a common carrier; and, while there was evidence tending to show that the Katalla Company did not pay such a license, there was no positive proof to that effect. And whether it paid a license fee or not, it was a common carrier within the provision that the Employers' Liability Act shall include "persons or corporations charged with the duty of the management and operation of the business of a common carrier." The plaintiffs in error not only did not plead that one of the corporations was a common carrier, and that the other was not, or that two causes of action were improperly united, but on the trial they offered no evidence whatever to show that such was the case, or to explain the relations between the two corporations, and at no time did they move that the plaintiff be re-

quired to elect between causes of action. There was no misjoinder, therefore, of causes of action.

[4] But if it had been true, as contended by the defendants, that misjoinder was disclosed by the plaintiff's evidence, that fact, it is clear, would not entitle the defendants to a directed verdict in their favor. Their remedy was to move the court at the conclusion of the testimony to require the plaintiff to elect as against which of the defendants he would proceed. 21 Cyc. 653; French v. Central Construction Co., 76 Ohio St. 509, 81 N. E. 751, 12 L. R. A. (N. S.) 669, 118 Am. St. Rep. 891.

[5] As to the other grounds of the motion, it was shown that the plaintiff was paid by the checks of the Katalla Company, and upon the case made by the plaintiff there was evidence to go to the jury tending to prove the negligence of the defendant in not properly lighting the dangerous opening in the platform, or in failing to guard the same by railing; precautions which would necessarily be suggested by reasonable care for the safety of the employés. The defense of contributory negligence of the plaintiff as a complete defense was eliminated by the uncontradicted evidence that both the defendants were common carriers.

[6] We are precluded from considering the assignments of error which are based upon instructions to the jury and refusals to instruct, for the reason that it does not appear that timely exceptions were taken to the instructions so given or denied. On May 10, 1913, two days after the jury had returned their verdict, the plaintiffs in error filed in the court below a paper containing their exceptions to the court's instructions and refusals to instruct; and it does not appear in the bill of exceptions that prior to that date, or at any time during the trial, any such exceptions were taken. It seems unnecessary to cite authorities to the proposition that exceptions to the charge taken after the jury had brought in a verdict are of no avail in an appellate court. Reference may be made to Western Union Telegraph Co. v. Baker, 85 Fed. 690, 29 C. C. A. 392, and cases there cited. Bidwell v. George B. Douglas Trading Co., 183 Fed. 93, 105 C. C. A. 385, and Star Co. v. Madden, 188 Fed. 910, 110 C. C. A. 652.

The judgment is affirmed.