## 11917

### WALKER v. McDONALD

### (134 S. E., 222)

1. APPEAL AND ERROR.—Order overruling demurrer to complaint is appealable after final judgment.

2. ACTION.—Generally causes of action permitted to be united under Code Civ. Proc. 1922, § 430, in single action, must be consistent with each other.

3. ACTION.—Inconsistent causes of action may in some cases be united in same complaint, where only one recovery is sought, and pleader is uncertain what evidence may disclose.

4. ACTION.—Cause of action for alleged deceit in inducing partnership contract *held* improperly joined with cause of action for accounting of partnership affairs.

5. PLEADING.—Defendant, in action based on alleged deceit for inducing partnership contract and for accounting of partnership affairs, *held* entitled to order requiring election on cause of action.

6. PLEADING.—Plaintiff joining separate causes of action, one triable in Court of Law and the other in Court of Equity, might be required to elect on which cause of action he would proceed.

Before WHALEY, J., Richland, April, 1925. Reversed and remanded.

Action by T. J. Walker against W. B. McDonald. From a judgment for plaintiff, defendant appeals.

*Messrs. Melton & Belser,* for appellant, cite: *Former appeal:* 126 S. E., 646. *Action ex delicto and action ex contractu improperly joined:* 55 S. C., 358; 34 S. C., 270; 26 S. C., 72; Code. Civ. Pro., 1922, Sec. 430. Pomeroy on Code Remedies, Sec. 394. *Action for return of money procured by deceit to be contributed to partnership venture, and action for accounting of partnership profits, inconsistent:* 122 S. E., 670; 122 S. E., 578; 122 S. C., 336; 113 S. C., 440; 107 S. C., 465; 68 S. C., 510; 20 C. J., 5; 6 R. C. L., 932; 14 A. & E. Enc., 159 and 186; 7 Enc., Pl. & Pr., 361. *Order overruling demurrer properly considered on appeal from verdict:* 29 S. C., 193; 24 S. C., 86; 6 S. C., 55; Code Civ. Pro., 1922, Sec. 26. *Same; even though no notice of appeal given:* 57 S. C., 40; 36 S. C., 136; 32 S. C., 281; 30 S. C., 450; 20 S. C., 547; 19 S. C., 607; 17 S. C., 150. *Motion to require election may properly be made after case called for trial:* 125 S. E., 417; 42 S. C., 114. *Action for accounting is equity case:* Code Civ. Pro., 1922, Sec. 533; 44 S. C., 119; 23 S. C., 1; 16 S. C., 331; 11 S. C., 447; 9 S. C., 147. *Action for accounting triable only in equity:* 106 S. C., 25; 102 S. C., 503; 78 S. C., 169; 75 S. C., 105; 69 S. C., 233; 69 S. C., 141; 65 S. C., 457; 63 S. C., 1. *Trial of issues of fact by jury in equity cases:* Code. Civ. Pro., 1922, Secs. 533, 592 and 594. Circuit Court Rule 28. *Witness cannot be required to disclose trade secrets:* 35 F., 465; 28 A. & E. Enc., 439. Abbott's Civil Jury Trials, 439. *Plaintiff must prove fraudulent representation, and that it induced the contract, in action for fraud:* 117 S. C., 391; 101 S. C., 221;

78 S. C., 482; 58 S. C., 59; 50 S. C., 399. *Party seeking to avoid contract for fraud must return benefits:* 122 S. E., 670; 68 S. C., 510; 22 S. E., 578.

February 3, 1926.

The opinion of the Court was delivered by Mr. Justice Cothran.

The complaint in this case sets up two separate causes of action: One for the recovery of $652.50, paid by the plaintiff to the defendant for a half interest in a partnership then formed between them, doing business under the name of McDonald Roof Paint Company, the plaintiff alleging that he was induced to enter into said partnership and part with his money by the misrepresentations of the defendant detailed in the complaint, amounting to fraud and deceit, to his damage in the sum stated with interest; the other for a balance of $2,099.36, alleged to be due to the plaintiff by the defendant, as his share of the net profits of the business while it continued, which would be ascertained upon an accounting of the business by the defendant, which he demanded.

The original summons and complaint were served on November 6, 1923. Within 20 days thereafter the plaintiff served an amended complaint. On December 17, 1923, the defendant served a demurrer to the complaint, upon the ground that it appeared on its face that there was a misjoinder of causes of action. This demurrer was overruled by an order dated January 4, 1924, stating a formal conclusion without reasons. On January 14, 1924, the defendant served a notice of a motion for an order requiring the plaintiff to elect upon which of the two alleged causes of action set forth in the complaint he would proceed to trial. This motion was refused in an order dated March 7, 1924, upon the ground that "it comes too late."

Thereafter the defendant moved for an order allowing him to amend his answer by demanding that the plaintiff make

such election. The Presiding Judge granted the motion, and the plaintiff appealed from this order. This Court, in an opinion filed February 28, 1925 (130 S. C., 513; 126 S. E., 646), reversed the same and remanded the case, upon the ground that the matter of requiring an election had been decided by the order of March 7.

Thereafter the defendant made a motion, which was heard on April 25, 1925, to require the plaintiff to try the two causes of action separately, and to require the cause of action for an accounting to be tried before the Judge sitting as a Court of equity without a jury, which motion was refused.

The case then came up for trial before his Honor, County Judge Whaley, and a jury, on April 27, 1925, the trial resulting in a verdict in favor of the plaintiff upon the first cause of action for $652.50 with interest, and upon the second cause of action for $192.45. From the judgment entered upon the verdict, the defendant has appealed upon various exceptions. It is not deemed necessary to consider more of them than the first and second.

The defendant's first exception assigns error in the order of January 4, 1924, overruling the demurrer to the complaint upon the ground that there was a misjoinder of causes of action.

That this order is appealable now after final judgment is conclusively settled by the following cases, decided by this Court: *Hyatt v. McBurney,* 17 S. C., 143. *Lee v. Fowler,* 19 S. C., 607. *Thatcher v. Massey,* 20 S. C., 542. *Elliott v. Pollitzer,* 24 S. C., 81. *Bomar v. R. Co.,* 30 S. C., 451; 9 S. E., 512. *Wallace v. Carter,* 32 S. C., 314; 11 S. E., 97. *McCrady v. Jones,* 36 S. C., 136; 15 S. E., 430. *Brown v. Pechman,* 55 S. C., 555; 33 S. E., 732. *Morgan v. Smith,* 59 S. C., 49; 37 S. E., 43. *Bodie v. R. Co.,* 66 S. C., 302; 44 S. E., 943.

The general rule is that the causes of action permitted to be united under the Code (Section 430) in a single action, must be consistent with each other.

In Bliss, Code Pl., § 122, it is said:

"If they are such as can be united in one action, they must be consistent with each other—that is, one cause of action, if valid, should not show the others to be bad."

In *Cline v. R. Co.,* 110 S. C., 534; 96 S. E., 532, the Court said:

"The object of the framers of the Code of Procedure was to secure the trial, for all parties interested in the cause, of those issues which practically had the same birth."

Instances may occur, however, where inconsistent causes of action may be united in the same complaint where only one recovery is sought and the pleader is uncertain what the evidence may disclose. The authorities sustain the proposition that they cannot be united where they seek separate recoveries, and where, if separately instituted, a case of election of remedies would be presented. For instance, if the plaintiff in the case at bar had brought an action based solely upon the alleged deceit and fraud alleged in his first cause of action and had failed, he could not afterwards have brought a second suit based upon his demand for an accounting of the partnership which his former action had disaffirmed. As is said by the Court in *McMahan v. McMahon,* 122 S. C., 336; 115 S. E., 293; 26 A. L. R., 1295:

"The doctrine of election of remedies is regarded as being an application of the law of estoppel, upon the theory that a party cannot in the assertion of his right occupy inconsistent positions in relation to the facts which form the basis of his respective remedies; it is based on the proposition that, when a party has two remedies proceeding upon opposite and irreconcilable claims of right, the one adopted excludes the other. * * * It means that a certain state of facts

relied upon as the basis of a certain remedy is inconsistent with and repugnant to another certain state of facts relied upon as the basis of another remedy. If a party should invoke a remedy appropriate to a certain state of facts, and there should exist another remedy appropriate to a different state of facts, inconsistent with and repugnant to the first state of facts, his invocation of the first remedy is an election which by the bare commencement of the action will bar his right to invoke the other remedy."

The plaintiff's first cause of action is based upon the alleged deceit and fraud of the defendant in inducing him to enter into the contract of partnership, a repudiation, a disaffirmance of the contract of partnership, and a demand for the return of the money which he parted with as a result of such deceit and fraud.

The second cause of action is a demand for an accounting of the partnership affairs and judgment for what the plaintiff might be shown to be entitled to under such accounting; a distinct affirmation of the contract of partnership which he repudiates in his first cause of action.

The two causes of action are distinctly inconsistent, and a separate action upon either would have presented a case for the application of the doctrine of election of remedies. The matter is cleared up by the following quotation from Corpus Juris:

"A plaintiff cannot recover upon two or more inconsistent counts in his declaration, as where one count is in affirmance and the other in disaffirmance of a contract; but inconsistent counts do not nullify each other or their joinder necessarily prevent a recovery upon one of them. Plaintiff may * * * under some circumstances even set up entirely inconsistent causes of action where the case is not one of election of remedies, but of uncertainty according to the facts as to which of two possible causes of action exist." 1 C. J., 1069.

See, also, 7 Enc. & Pr., 361; 20 C. J., 5, 6, 14; 6 R. C. L., 932, 933; 14 A. & E. Enc., 159, 160, 186. *American Co. v. Samuelsohn,* 226 N. Y., 61; 123 N. E., 154. *Reed v. McConnell,* 133 N. Y., 425; 31 N. E., 22. *McKay v. Flemming,* 66 Colo., 258; 180 P., 747. *Pickle v. Anderson,* 62 Wash., 552; 114 P., 177. *Machine Co. v. Alexander,* 68 S. C., 506; 47 S. E., 711. *Singleton v. Cuttino,* 107 S. C., 465; 92 S. E., 1046. *Cline v. R. Co.,* 113 S. C., 440; 102 S. E, 641. *Hughes v. R. Co.,* 92 S. C., 1; 75 S. E., 214. *Brown v. Walker,* 128 S. C., 161; 122 S. E., 670.

The actions therefore could not have been united in the same complaint, and the defendant's demurrer upon this ground should have been sustained. Upon sustaining it, the Trial Judge may properly have permitted the plaintiff to amend his complaint by striking out one or the other of the causes of action.

But, if we are wrong in this conclusion (and we mean neither to express or imply the slightest apprehension thereabouts, in the quaint vernacular of a former member of this Court), the defendant was entitled to an order requiring the plaintiff to elect upon which cause of action he would proceed to trial, as complained of in the second exception.

The authorities cited above are sufficient to establish the appealableness of the order after final judgment; and the following authorities sustain the proposition that, where two inconsistent causes of action are set forth in the complaint the plaintiff may be required to elect upon which he will proceed to trial. *Ruff v. Railroad Co.,* 42 S. C., 114; 20 S. E., 27. *Vance v. Ferguson,* 101 S. C., 125; 85 S. E., 241. *Copper v. Heney,* 211 F., 459; 128 C. C. A., 131. *Hazen v. Bay Co.,* 152 Mich., 457; 116 N. W., 364.

Another reason why the motion should have been granted is that, aside from the inconsistency of the causes of action, the necessity existed of trying them

in different tribunals—the one in a Court of law and the other in a Court of equity.

The judgment of this Court is that the judgment of the County Court be reversed, and that the case be remanded to that Court for such proceedings as may be consistent with the conclusions herein announced.

MESSRS. JUSTICES R. T. WATTS and J. H. MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.