J. M. ROBERTSON, Appellant, v. SPRINGFIELD & SOUTH-
ERN RAILWAY COMPANY, Respondent.

St. Louis Court of Appeals, April 20, 1886.

1. PLEADINGS—AMENDMENTS—PRACTICE.—The amendment of a peti-
tion, by leave and before trial, which changes the form of the
action from one *ex contractu* to one *ex delicto*, is not objectionable,
provided the petition still relates to the same transaction or tort.

2. ———— The provision of section 3567, Revised Statutes, permitting
amendments which do not "substantially change the claim or de-
fence," has no application to amendments made by leave of court
before trial.

3. ———— Objections to amendments can not be made for the first time
in an appellate court.

4. ———— It is not a good objection to an amended petition that the
original petition did not state a cause of action.

5. ———— It is error to strike out an amended petition which practi-
cally adopts the suggestion of the appellate court, made on a former
appeal of the same cause.

APPEAL from the Greene County Circuit Court, W.
F. GEIGER, Judge.

*Reversed and remanded.*

JAMES R. VAUGHAN and D. M. PAYNE, for the ap-
pellant: To the first amended petition the defendant
filed an answer, and went to trial, and this was a
waiver of any alleged departure in pleading so far as
the first amendment was concerned. *Scovill v. Glassner*,
79 Mo. 449. The petition struck out was a little more
specific and elaborate in its averments than its prede-
cessor, but the proof required and permissible on each
petition would have been the same, and the amend-
ment was proper under the rules laid down in *Lump-
kin v. Collin*, 69 Mo. 170; *Lottman v. Barnett*, 62 Mo.
161.

John O'Day and E. D. Kenna, for the respond- ent: A petition which states no cause of action can not be amended. *Brashears v. Strock*, 46 Mo. 222; *Gist v. Loring*, 60 Mo. 489; *Madkins v. Trice*, 65 Mo. 656: *Weber v. Hannibal*, 83 Mo. 263. The amendment could not properly be made. *Parker v. Rhodes*, 79 Mo. 88; *Fields v. Maloney*, 78 Mo. 172; *Beattie v. Hill*, 60 Mo. 75; *Hausberger v. Railroad*, 43 Mo. 196; *Clark v. Smith*, 39 Mo. 498.

Lewis, P. J., delivered the opinion of the court.

The original petition charged that the defendant entered upon certain lands of the plaintiff (describing them), "seized, occupied, and appropriated a large amount of said land to its own use and benefit, thereby depriving the plaintiff of the use and benefit of the said lands; that the defendant surveyed, located, and constructed its railroad across said lands, and is now using said road in running its locomotives," etc. Here follows an allegation that the defendant promised the plaintiff, when it was so constructing its road, that it would pay the plaintiff any and all damages that he might sustain by reason of its said acts. That by reason of said promise, the plaintiff "was induced to lie still and suffer defendant to enter and appropriate said lands and construct its said road over and across plaintiff's lands." The defendant had failed, neglected, and refused to pay the plaintiff any and all damages, etc., and the plaintiff prayed judgment for damages in the sum of $1,000. There was a trial under this petition, and, during its progress, the plaintiff, on leave, amended by striking out all that related to promises made by the defendant, and to the plaintiff's silent acquiescence. The verdict was for the plaintiff. The defendant appealed to this court, which reversed the judgment and remanded the cause on the ground that the amended petition stated no cause of action; since it averred

"neither a contract to pay, nor a wrongful entry, nor an occupation which became wrongful by matter subsequent." The reversing opinion added, by way of direction, that the plaintiff might amend his petition, "either by suing upon defendant's alleged promise in an action *ex contractu*, or else, as the entry appears to have been lawful, by suing in an action *ex delicto* for the wrongful occupation, as suggested in *Baker v. Railroad Company* (57 Mo. 265, 274), and *Hubbard v. Railroad Company* (63 Mo. 71). Or, if the facts warrant it, for specific performance of the alleged contract." *Robertson v. Railroad*, 18 Mo. App. 189.

On the return of the cause to the trial court, the plaintiff filed a second amended petition containing the following statement of his cause of action:

"And that afterwards, to-wit: on the ——— day of ———, 1882, the said defendant, without having the right of way over and across the said lands condemned, and without leave or permission of the plaintiff, the said James W. Robertson, entered upon the said lands and appropriated a large amount of the same to its own use and benefit; that the said railway company, for the purpose of constructing its railway, made and built a road-bed over and across the plaintiff's land, as aforesaid, and began the laying and placing of ties and iron rails on the same, and that thereupon the plaintiff notified the said company to stop work on his land until the damages due and accruing to him for such entry upon and occupancy of his said lands and adjoining lands had been paid to him, plaintiff, and forbid the defendant any further use or occupancy of his said lands, but that the defendant unlawfully and wrongfully entered, held, and occupied the said land, and located and constructed its railroad on and over the same, taking therefor a strip of said lands about one hundred feet wide and forty-five hundred feet long; and at the beginning of this suit, and at the present time, was and is so using

said land. That the said defendant has in no way paid or compensated the plaintiff for the damages occasioned the plaintiff by the taking of said land."

Here follows an offer by the plaintiff to convey the right of way upon receipt of the compensation demanded, supplemented by several allegations of special damage.

The defendant moved the court "to strike from the files the second and last amended petition filed in this cause, for the reason that plaintiff is thereby seeking to change the cause of action from that which he in his previous petition sought to allege, and is now attempting to allege and recover upon a cause of action other and different from that which he has in his previous petition sought to state and recover upon." This motion was sustained, and the court thereupon dismissed the cause. The sustaining of the motion is the error complained of by the plaintiff's appeal.

The petition stricken from the files conformed substantially to the directions of this court. It practically adopted the alternative of "suing in an action *ex delicto* for the wrongful occupation." The repudiation of this direction from a superior judicial authority would be in itself a sufficient cause for reversing the judgment of the trial court. But, aside from this consideration, the action of the circuit court is not justified by any rule of law, on the abstract merits of the question involved. There is no substantial difference of application between the directions given in our former opinion, and the suggestions of the supreme court in the two cases to which we referred. The grounds of the motion are not sustained by the statute to which learned counsel refer for their vindication. The language of this provision is: "The court may, at any time before final judgment, in furtherance of justice, and on such terms as may be proper, amend any record, pleading, process, entry, return, or other proceedings, by adding or striking out the name of any party, * * * or, when the amendment does not change substantially the

claim or defence, by conforming the pleading or proceeding to the facts proved." Rev. Stat., sect. 3567. It is easily perceived that the limitation, "when the amendment does not change substantially the claim or defence," applies exclusively to a case of "conforming the pleading or proceeding to the *facts proved*." Such a case can only exist after the evidence has been heard. The provision is designed to permit the record to be made conformable with the proofs, in cases where, without surprise or hardship to the opposite party, and "in furtherance of justice," this may be done, the party amending having proved his right to a recovery upon the facts. The cases cited for the defendant have no application to an amendment made upon leave, before or pending the trial. In *Parker v. Rodes* (79 Mo. 88), the evidence had been submitted and closed, when the amendment introduced a new and different cause of action. This was, of course, improper under the statute, and was so held. In *Fields v. Maloney* (78 Mo. 172), the original suit was for partition, and was begun in the county where the lands lay. There was a change of venue to another county, where the petition was so amended as to make it an action of ejectment. The supreme court declared the amendment improper, not because of a change in the cause of action, but because the court had no original jurisdiction in ejectment over lands lying in another county. The other cases cited are those of appeals from justices of the peace, wherein new causes of action were introduced in the circuit court, on appeal, in violation of Revised Statutes, section 3058, which directs that "the same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court upon the appeal."

It is argued here, that the second amended petition was properly stricken out, because its predecessor contained no cause of action, and there was "nothing to amend by." This point was not made in the court below in any shape whatever. It was clearly waived, and can

not be sprung in this court. It is proper to regard every successive amended petition as an amendment of the one which began the suit. How can it consistently be said that the last petition contained a different cause of action from that stated in the first; and, in the next breath, that the first stated no cause of action at all? The defendant filed an answer to the first petition, and went to trial on it. We said, in our former opinion, that that petition was inartificially drawn. But we did not say that no cause of action was discernable in its imperfect allegations, before the defendant's promise was stricken out in the course of the trial. But the defendant says only that the plaintiff, in his first petition, *sought* to state a cause of action. Then he either succeeded in his endeavor, or he did not. If he did not succeed, the inconsistency just mentioned is manifest. If he did succeed, and stated a cause of action, then the fact refutes the objection.

The judgment is reversed and the cause remanded, with the concurrence of all the judges.