CASE 83—PETITION ORDINARY—JUNE 24.

# Adams Oil Company v. Christmas & Hughes.

### APPEAL FROM BARREN CIRCUIT COURT.

1. PLEADING—AMENDMENT—DEPARTURE.—In an action on a note where the defendant answers and denies the execution of the note, the plaintiff was properly permitted to amend his petition, and allege that if the note had not been executed by the defendant the original claim for which the note was given was not thereby extinguished, and asking for a judgment on their account; and the amendment was not a departure from the original cause of action.

2. EVIDENCE.—In determining the question as to whether the oil wells were in good faith leased by appellants prior to the time appellee claims to have sold and delivered them the goods, letters between the lessor and lessee showing proposals to lease and the terms and conditions thereof, and the acceptance of the same, were competent evidence for the purpose of establishing the genuineness of the lease.

3. PARTNERS—NOTICE.—Notice to one member of a firm within the scope of the business and relating to a partnership transaction, and which it is his duty to communicate to his partner if he is within reach, and able to tell him, is notice to all; and the uncontradicted evidence in this case discloses that one member of the firm had notice from the lessee of the lease of the oil wells, and that there had been a change in the firm, and that goods thereafter would have to be charged to the lessee, and that they knew this at the date they accepted a note executed by the former agent of appellant, attempting to bind it, and they can not maintain an action either on the note or account against the lessor.

Adams Oil Company v. Christmas & Hughes.

A. W. SCOTT FOR APPELLANT.

1. Plaintiff should have been required to elect which cause of action they would prosecute. They first sued on the note and by an amendment, without abandoning that cause of action, set up a cause of action on the account, which was a departure from the original cause of action.
2. The peremptory instruction should have been given because the evidence shows that Wood was not defendant's agent and had no authority either to execute the note for the company, or to make any contract for it, and in addition to that shows that the credit was extended to Wood himself in the first place.
3. The letters between appellants and Wood constitute the written contract between them as to the oil wells, and should have been permitted to be introduced in evidence.

THOMAS H. HINES ON SAME SIDE.

1. The evidence of Wood that he notified one of the partners that he was operating the wells on his own account under a lease, is not denied, and notice to him was notice to all the members of the firm.  Bates on Partnership, vol. 1, sec. 389.

W. L. PORTER FOR APPELLEES.

1. The debt is the basis of the action, and the action was only for that, and the court properly refused to require appellees to elect.
2. The evidence shows that appellants put Wood in charge of their oil wells, as their general manager and agent, and as such purchased from appellees supplies for the hands operating the wells, and paid for the same and continued to do so until the account sued on was created; and appellees testified that they were never notified before the goods were sold of any change in the attitude of Wood.
3. The lease between Wood and appellees was properly rejected as evidence, as parties can not in that way make evidence for themselves.  At any rate it was not prejudicial because Wood testified about the whole transaction.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This action was brought by appellees against appellants upon two notes signed by the "Adams Oil Co., by N. Wood,

Manager," one dated May 24, 1894, for $125, due thirty days after date, and the other May 24, 1894, for $191.50, due three months after date. It is further alleged that defendants were a foreign corporation, nonresidents of the State and absent from the State, and a general attachment was sued out.

Appellants for answer denied that they executed to the plaintiff's either of the two notes sued on, or that they at any time ever authorized N. Wood to execute same in their name, and plead that the notes were not their act and deed. They denied the grounds of the attachment and alleged that they were not a corporation at all, but a mere trading firm.

Afterward, in July, 1895, the plaintiffs offered, and were permitted, to file an amended petition, in which they charge that during the years 1893 and 1894 the defendants in this action did business under the name of Adams Oil Co., and that they held out to the public N. Wood as their agent and manager, and they charge that the notes set up and described in their original petition were executed to them for goods sold and delivered to the company, and for which they got the benefit, and that if N. Wood had no right to bind defendants by the execution of the notes, then their execution and delivery did not extinguish the debt and that it remained a claim against the company, which they represent had never been paid, and prayed judgment for the amount of their account.

The defendants excepted to the filing of this amended petiton which was overruled, and we think properly so. Defendants then made a motion to require plaintiff to elect whether they would proceed upon the cause of action set

up in their original or that in their amended petition. This motion was overruled and we think properly so.

Where an amended petition seeks to recover for the same debt sought to be recovered by the original petition, but sets out a different evidence in the amendment, the amendment is not a departure from the original cause of action. (Brannin, Brand & Glover v. Brawner, 9 Ky. Law Rep., 343, and Brannin v. Brawner, 8 Ky. Law Rep.)

The defendants further charge that they had leased their oil wells to N. Wood about the 1st of January, 1893, and that appellees had notice and knowledge of this fact when the supplies were furnished to Wood. They further charge that at the time the goods and supplies were furnished they were actually charged to Wood, were obtained upon his individual credit, and that plaintiffs accepted his individual obligation therefor, and that subsequently they induced Wood to substitute the note sued on for his individual notes which they had previously accepted.

Upon the trial of the case the jury found for the plaintiffs. The defendants produced and filed their grounds and moved the court to set aside the verdict of the jury and grant them a new trial, which was overruled and judgment entered, and from that judgment this appeal is prosecuted. It appears from the testimony that the oil wells belonged to three parties living in Olean, N. Y.; that prior to the 1st of January, 1893, they operated the oil wells themselves, with N. Wood as manager, for a period of about two years, they having purchased from one Adams; that about the 1st of January, 1893, they leased their property to Wood under an arrangement that they were to have one-eighth of the

net amount of oil produced as rent, and that Wood was to have the use of the property and seven-eighths of all the oil produced and assume all expenses of operating the plant. It is admitted that he was permitted to continue the business under the same name, and that there was no public notice of the change in the personnel of the firm.

The questions involved are largely of fact. The first question which should have been determined was whether there had been, in good faith, a lease to Wood; and, second, whether the appellees knew of this change in the firm at the date when they gave credit for the account sued on.

In determining the first of these questions it seems to us that the letter written on the 13th day of December, 1892, by Coon, one of the owners of the oil wells, to Wood proposing to lease to him the property and setting out the terms and conditions upon which they were willing to make the lease, and his written acceptance to this proposition, which constituted the written contract between the parties, was competent evidence for the purpose of establishing the genuineness of the agreement relied on, and that the court erred in refusing to allow the letter and response to be read to the jury. Another ground is the refusal of the court, at the close of the testimony in the case, to give to the jury a peremptory instruction to find for the defendants.

Appellee Hughes testifies that the goods were largely sold upon orders of Wood, and delivered to Church, Stout, Davis and other hands in his employ; that some of the items were charged to the Adams Oil Co. and some to Wood himself, but admits that after the goods were sold and delivered he accepted the individual note of Wood for the debt due the

firm.  He also admits that he did not know appellants, and that he had never seen any of them and had never had any transaction with them of any kind or charatcer.

Witness Wood testifies that in January, 1893, when he began to do business for himself under his lease, he told Will Christmas, one of the appellees, that there had been a change in the firm; that the goods would have to be charged to him individually, and that he was no longer the agent of the company.  He swears that he got the benefit of the goods exclusively; that appellants got no benefit of them whatever.  There is no denial of these statements of Wood.

Christmas does not testify as a witness, and has not in any way contradicted these important and material statements of the witness Wood.

Notice to one member of a firm of partners within the scope of the business or relating to a partnership transaction, and which it is his duty to communicate to his partner if he is within reach and able to tell him, is notice to all."  (Bate on the Law of Partnerships, volume 1, section 389.)

If, as a matter of fact, appellees at the time the goods were sold upon the orders of Wood knew that appellants were not operating the oil wells and sold the goods exclusively upon the credit of the witness Wood, and that they also knew this fact at the date when they accepted the note of Wood in payment of the goods it follows that they can not maintain this action; and there was no evidence to support the verdict of the jury, and the peremptory instruction should have been given in favor of appellants.

There are a number of other errors complained of.  The

allegations of the amended petition standing alone were not sufficient to support a cause of action, and for the reasons given this cause is reversed and remanded for proceedings consistent herewith.