[No. 1507, December 3, 1913.]

LORETTO LITERARY & BENEVOLENT SOCIETY,
    Appellee, v. MELITON GARCIA et al., Appellants.

NEILL B. FIELD, Esq., Albuquerque, N. M., for appel-
lants.

F. W. CLANCY, Esq., Santa Fe, N. M., for appellee.

OPINION ON REHEARING, ADHERING TO FORMER
OPINION.

ROBERTS, C. J.—A rehearing was granted in this

cause, because of appellee's insistence, supported by a well
prepared brief, that the Court had erred in its former
opinion, in holding that the amendment was not permissi-
ble, as a trial amendment, because it·introduced a new
cause of action, and a desire on the part of the Court to
reinvestigate the question.  By sub-section 96 of section
2685, C. L. 1897, the Court .is enjoined "so to construe
the provisions of law relating to pleading and amending
the same, and so to adapt the practice thereunder * * * *
and to afford known, fixed and certain requirements in
place of the discretion of the Court or the Judge thereof,"
and mindful of this injunction, in the construction of
sub-sec. 82, it is apparent we should not adopt appellee's
construction, unless clearly warranted by the adjudications
of other Courts, or upon reason such construction appeared
to be warranted by the language of the section.  If the
construction contended for were adopted, the only limita- .
tion upon the power of the trial Court to permit the
amendment to be made would be, that it must not intro- ·
duce a new cause of action, not related or connected with
the subject of action.   In other words, a party by
amendment might introduce any cause of action, which he
might have originally united in the same complaint with
that upon which the trial was proceeding, where they arose
out of the same transaction or transactions connected with
the subject of action, subject, of course, to the discretion
of the trial Court to permit the amendment.   In support
of his contention, counsel for appellee has cited many au-
thorities, which he contends support his contention, but a
review of the cases will, we think, show that in the main
they do not conflict with the former opinion in this case,
but many of them tend rather to support the reasoning of
the Court.

The first case relied upon is Steele v. Brazier, decided
by the Springfield Circuit Court of Appeals, and reported
in 123 S.·W. 477.  In that case, however, the amendment·
was not made during the trial, but prior to the trial, and
the statute there discussed was sec. 593, Rev. St. 1899
(Ann. St. 1906, p. 619), which is substantially the same

as sub-sec. 33 of our Code of Civil Procedure, and relates solely to causes of action that may be united in the same petition. The Court uses the following language, which is quoted by appellee:

"The plaintiff cannot be allowed to introduce an entirely new cause of action, but may, by amendment, introduce such additional causes of action as under the provision of the statute could be united in the same petition. Such is the general rule in those states that have adopted the modern codes of pleading and practice." The language of the Court is not entirely clear, but what it evidently intended to hold was that the plaintiff could not introduce an entirely new subject of action, but so long as the causes of action arose out of "the same transaction or transactions connected with the same subject of action" there was no objection to their being brought in by amendment; necessarily, prior to trial, for that was the question under consideration, and not a trial amendment. The distinction between amendments made prior to trial and those made upon the trial and after the evidence has been heard, or a portion of the evidence, is clearly pointed out by the St. Louis Court of Appeals, in the case of Robertson v. Springfield Ry. Co., 21 Mo. App. 633. There an amendment had been filed after a reversal of the cause on appeal and remand, which the trial Court, upon motion, struck from the files, for the reason that the plaintiff thereby sought to change the cause of action. The action of the lower Court was based upon a code provision identical, apparently, with sub-sec. 82 of our code, which the Court of Appeals held had no application to an amendment made prior to trial. The Court say:

"It is easily perceived that the limitation, 'when the amendment does not change substantially the claim or defense' applies exclusively to a case of 'conforming the pleading or proceeding to the facts proved.' Such a case can only exist after the evidence has been heard. * * * * The cases cited for the defendant have no application to an amendment made upon leave, before or pending the trial. In Parker v. Rodes, (79 Mo. 88), the evidence had

been submitted and closed, when the amendment intro-
duced a new and different cause of action. This of course
was improper under the statute, and was so held."

The case of Courtney v. Blackwell, 150 Mo. 245, is also
cited and relied upon, but that was an amendment made
prior to trial and the distinction pointed out by the Cir-
cuit Court of Appeals in the last case applies.

The case of Erskine v. Markham, 66 S. E. 286, sup-
ports appellee's contention. There the amendment was
made after considerable testimony had been taken and
while the cause was still under reference, and complaint
was made that the amendment entirely changed the origi-
nal cause of action and substituted a new one. The Court
say:

"As we cannot say the amendments were not in further-
ance of justice, we must affirm the judgment of the Cir-
cuit Court. Since the case of Taylor v. Railroad Co., 81
S. C. 574, 62 S. E. 1113, it must be regarded as settled
that even a new cause of action may be inserted by way
of amendment, if it be done in furtherance of justice."

The above quoted excerpt contains all that is said in
the case on the subject, and it is evident that the Court
based its decision entirely on the case cited. A study of
the case referred to will disclose that no such doctrine was
announced, but on the contrary, it was distinctly stated,
"The limitation of the power of amendment to conform the
pleadings to the facts proved that the amendment shall
not change substantially the claim or defense is by its
terms applicable only to amendments proposed while the
Court is hearing the evidence, or after it has heard it, and
not before the trial." The amendment there was made
after the cause had been reversed on appeal and remanded
for a new trial, and prior to the trial, and was not a trial
amendment.

Another South Carolina case is also relied upon, (Booth
v. Langley Co., 51 S. C. 412), but the Court in that case
upheld the amendment upon the ground that it did not
substantially change the claim of plaintiff. The Court
say:

"The only question is, did the Circuit Judge have the power to grant the amendment during the progress of the trial? He seems to have supposed that the amendment would substantially change the claim of plaintiff, or, to use his own language, would make 'an entirely new case and a new answer.' If that were so then he would have been right, as he could not, during the progress of the trial, grant an amendment which would substantially change plaintiff's claim."

The Court then reviews the South Carolina cases, citing many which support the views of this Court in the former opinion, all of which it approves.

In another South Carolina case, (Birt v. Southern Railway Co., 69 S. E. 233), an action was brought against a railroad company for damage to property caused by fire communicated from a railroad engine with an allegation of negligence, and it was held that it would be proper to amend the complaint during trial, after evidence had been taken, by striking out the allegation of negligence so as to make the action one under section 2135 of the Code of 1902, which made railroad corporations liable for damage by fire communicated by its engines without regard to the question of negligence. The decision is based entirely upon Brown v. Railroad, 83 S. C. 557, 65 S. E. 1102. In Brown v. Railway, the opinion was written by Justice Woods, who held that the amendment could not be made, under the code, as it "substantially changed the claim," and many cases are cited supporting his conclusions. Two justices dissented, which made the dissenting opinion the law of the case, holding that the amendment was properly permitted, but no reason is given, further than a statement that "such amendments are within the discretion of the Circuit Judge, and where, as here, there has been no abuse of discretion, this Court should not interfere," and no authority is cited in support of the holding. Indeed, many decisions of South Carolina are to the contrary.

The case of Gannon v. Moore, 104 S. W. 139, (Ark.) is not in point, as the question there involved was not the power of the Court to permit a trial amendment. There

is nothing to show when the amendment was made, and the only question considered was the "tolling of the statute of limitations till the filing of the amendment."

Four Kentucky cases are cited, (Insurance Co. v. Strain, 70 S. W. 274; Duckwall v. Brooke, 65 S. W. 357; Adams Oil Co. v. Christmas, 101 Ky. 564; Young v. McIllhenny, 116 S. W. 728), but in each of these cases the amendment was made before the trial. In the first case cited, the amendment was upheld on the ground "that it did not state a new cause of action, as the relief sought by both involves the same question, depends upon the same evidence, and to which the same defense would generally arise." And the Kentucky Code contains a provision not found in our Code, which would seemingly imply that it was not the intention to limit amendments to the same cause of action. The provision reads as follows:—

"Courts may permit amendments authorized by this chapter to be made without being verified, as prescribed in section 142, unless a new and distinct cause of action or defense is thereby introduced."

The following Iowa cases are cited and relied upon by appellee: Newman v. Insurance Association, 76 Iowa 56; Cox Shoe Co. v. Adams, 105 Iowa 402; Hanses v. Cline, 118 N. W. 754; Barnes v. Hekla Ins. Co., 75 Ia. 11. In these cases, however, the amendments were made prior to trial. It is true, however, that the Court, in passing upon the question, uses language which might reasonably be held to apply to amendments offered during trial. That Court has given a very liberal construction to the statute, but our attention has been called to no case, where upon the trial, it has permitted an amendment to be made which "substantially changed the claim or defense." The distinction between amendments before trial, and during or after trial, is clearly pointed out by that Court in the case of Taylor v. Taylor, 110 Iowa 207, and with this distinction in view it can hardly be said that the cases relied upon by appellee apply to the question involved in this case. The Court, after setting out the Code provision, which is apparently identical with sub-section 82, say:

"The clause 'when amendment does not change substantially the claim or defense,' has reference solely to 'conforming the pleadings or proceedings to the facts proved,' and does not limit the portion of the action preceding."

From this it will be seen that the Court draws a distinction between amendments which may be made prior to trial, and those which may be introduced upon the trial.

Some few states hold that an amendment introductive of a new cause of action is allowable at any stage of the trial, but such holding is in direct conflict with the decisions of a great majority of the states.   31 Cyc. 411.

Appellee further contends, that no new cause of action was introduced, and cites several cases which, it is claimed, supports this theory.   The one most directly in point is the cause of Pavloski v. Klassing, 68 S. E. 511, (Georgia.)   It must be admitted that there is a great deal of confusion, in the decided cases, as to what is a "new cause of action," due largely, we think, to a failure to differentiate between "subject of action" and "cause of action."   The distinction is clearly pointed out in the case of McArthur v. Moffett, (cited in the former opinion) by the Wisconsin Court, and, in our opinion, disposed of this contention.

Appellee next urges that appellants waived their objection to the amended complaint by filing an answer to it. This point, however, not having been raised upon the first hearing of the case, will not be considered upon rehearing.

For reasons stated, we adhere to our former opinion.