## Stephenson & Company v. Bradbury.

(Decided March 23, 1923.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

1. Pleading—Not Error or Abuse of Discretion to Permit Amendment During Trial to Rely on Verbal Instead of Written Contract.— Where contract of sale of tomato pulp was not one that had to be in writing, it was not error or abuse of discretion under Civil Code Practice, section 134, to permit plaintiff to amend during the trial by abandoning written contract declared on, and relying on alleged verbal contract.

2. Appeal and Error—Defendant Refusing Offered Continuance Cannot Complain of Surprise by Amendment.—Defendant cannot complain that it was prejudiced by amendment during the trial because surprised where it was offered a continuance, but elected to try the case.

3. Evidence—Parol Evidence Admissible to Show Sale was Made Orally, and that Written Order was Never Recognized as Contract. —Though written order, unsigned by seller, purported to show sale to third persons, for whom defendant acted as broker, evidence was admissible that oral sale had been previously made, and that seller refused to recognize such third persons or to recognize written order as the contract.

4. Sales—Evidence Held to Make Question for Jury as to Whether There was Oral Sale to Defendant, Though Written Order Purported to Show Sale to Others.—Evidence held to make a question for the jury as to whether there was an oral sale of tomato pulp to defendant, and whether written order purporting to show sale to others, through defendant as broker, constituted the contract.

R. A. McDOWELL and J. VERSER CONNER for appellant.

EUGENE R. ATTKISSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal by the defendant from a judgment rendered on a verdict awarding to the plaintiff $684.43 as damages for defendant's breach of a contract to purchase of plaintiff 1,000 five-gallon cans of tomato pulp, at $2.25 per can.

In the original petition it was alleged that the contract was contained in a written order exhibited with the petition, and that the contract was in writing. In its original answer, the defendant did not deny that it had executed the contract sued on, and admitting that it failed to accept or pay for the tomato pulp, defended upon the ground that plaintiff had not manufactured or delivered the pulp in the time specified in the contract, and that when tendered, it was not "of merchantable grade or quality, or in all or any particulars as ordered," and it was denied that plaintiff had been damaged in the sums or manner alleged in the petition, or at all.

Thereafter defendant amended its answer and denied that it had, by written order or at all, purchased from plaintiff 1,000 or any five-gallon cans, or any cans of tomato pulp, or that it had agreed to pay plaintiff therefor $2.25 per can, or any sum.

With the pleadings in this condition, the trial before a jury was begun, but before plaintiff had completed the introduction of his evidence, he was permitted, over the objection of the defendant, to file an amended petition withdrawing the allegation that the contract was in writing, and alleging that that allegation of the original petition was made by mistake, and that "the contract sued on in the petition was made by the defendant and plaintiff verbally."

The allegations of the amended petition were traversed of record, and it was "ordered by the court that

the defendant be given a right to a continuance, if desired, but said defendant elected to try.''

At the conclusion of plaintiff's evidence, and again at the close of all of the testimony, the defendant moved for a directed verdict, but though objected to at the time, no complaint is now made of the instructions given to the jury upon the court's own motion.

The first ground relied upon for reversal is that the court erred in permitting plaintiff, during the trial, by amended petition, to abandon the written contract declared upon, and rely upon an alleged verbal contract. We do not think, however, that in so doing the court abused its discretion under section 134 of the Code, since by both pleadings plaintiff sought precisely the same relief against the same defendant, for the same breach of a single contract. Since it was not a contract that had to be in writing, it was immaterial whether it was evidenced by writing or not. Adams Oil Co. v. Christmas, 101 Ky. 564, 41 S. W. 545; Rogers-Siler Grocery Co. v. Pickrell-Craig Co., 190 Ky. 545, 237 S. W. 991.

Hence defendant could not have been prejudiced by the change in plaintiff's pleadings any more than plaintiff was prejudiced by defendant's change in his pleadings, unless by being taken by surprise after the trial was begun as to the proof required for its defense, and as it refused the offered continuance, it could not and does not now complain of the court's action upon that ground.

The next insistence is that the court erred in refusing to direct a verdict for defendant because the written order exhibited with the petition and introduced in evidence was the only competent evidence of the contract, and it shows upon its face that the defendant did not purchase the pulp of plaintiff for its own account, but as brokers for Knadler & Lucas.

The real question for decision however is, whether or not the court erred in permitting plaintiff to prove that the written order was not in fact the contract between the parties, since the question really at issue, and the principal one submitted to the jury, was whether the defendant bought the tomato pulp for itself or as a broker for Knadler & Lucas.

The well known rule of evidence that a party may not, by parol evidence, contradict or vary the plain terms of his written contract, upon which counsel for defendant so confidently rely, has never been held, so

far as we know, and certainly by none of the cases cited by them, to prevent a party from denying that a writing signed only by the other party and claimed by him to be the contract, is not in fact the contract between them, although it may contain some of the terms of their contract.

While plaintiff admits that the written order upon which he first declared by mistake was signed by the defendant and delivered to him, he denies, as does his brother who was present at the time, that it was ever agreed upon by the parties as their contract. They testified that some days after defendant had verbally agreed to purchase the pulp from plaintiff upon the terms stated in the written order, presumably for its own account, they went to the office of the defendant at the request of Mr. Stephenson, defendant's president, and that when they got there he, for the first time, informed them that he was making the purchase for Knadler & Lucas, and then had the written order showing the sale of Knadler & Lucas, which he requested plaintiff to sign; that plaintiff declined to do so, refusing to recognize Knadler & Lucas as the purchasers, and offered to call the deal off; that Stephenson then said, "No, I bought the pulp," and that these were the circumstances under which the written order was delivered and accepted.

If this was true, then the written order was never at any time recognized by the parties as the contract between them, because it shows that the sale was not to defendant but to Knadler & Lucas. That this was true is further strongly indicated by the fact that plaintiff later shipped the manufactured product to the defendant, as he claims it ordered him to do, and that it refused to accept same, not upon the ground that it was not the purchaser, but, as stated in its letter to plaintiff, "because of its (the pulp's) not being in a merchantable condition, and off color," just as was its contention in its original answer.

This evidence, in our judgment, was admissible to show, as it certainly tends to do, not only that the written order was not the contract between the parties, but also that the contract was verbal, and defendant was the purchaser of the pulp.

It results, therefore, that the court did not err in admitting this evidence, or in refusing for this reason to direct a verdict for the defendant, but properly sub-

mitted to the jury the question of whether or not defendant was the purchaser, since Mr. Stephenson, in his testimony for the defendant, contradicted the evidence of plaintiff and his brother about what happened at the time the written order was delivered, although he did not deny that he practically consummated the trade with plaintiff's brother at his home some days before the delivery of the written order, and at which time he does not claim to have mentioned Knadler & Lucas as the real purchasers.

Counsel for appellant also contend that plaintiff failed to prove that he shipped the pulp within the time provided by the contract, or that same was of merchantable quality, or that he exercised reasonable diligence in disposing of the pulp after defendant's refusal to accept same, and before the market began to decline, and that for each of these reasons the court erred in refusing to direct a verdict for the defendant. But in our judgment there was ample evidence upon all of these questions to carry the case to the jury, and to sustain its verdict.

Wherefore the judgment is affirmed.